## Whittlesey *against* Starr.

An officer, acting as such, will be presumed to have done his duty, until the contrary appears.

*A fortiori*, a fact which does not appear, will not be presumed, for the purpose of invalidating an officer's proceedings.

Where the words of a return admit of different constructions, that will be preferred, which is most consonant to law.

Therefore, where it appeared in a case involving the validity of the levy of an execution on land, that the creditor and debtor both lived and the land lay in the town of *D.*, and the officer stated in his return, that the justice of the peace by whom the appraisers were appointed, was the

next justice who could by law judge between the parties; it was held to be a reasonable construction of the return, that such justice was of the town of *D.*, and consequently, that the levy was valid.

*Fairfield,*
June, 1830.

Whittlesey
*v.*
Starr.

THIS was an action of trespass *quare clausum fregit*; tried at *Fairfield, December* term, 1829, before *Williams*, J.

Both parties claimed title to the land in question as formerly the property of *Sylvanus Starr.* The defendant claimed by a mortgage deed from him, dated the 27th of *January* 1823, and by a release deed, dated the 9th of *April* 1824. The plaintiff claimed, that on the 27th of *January* 1823, before the execution of the defendant's deed, he attached the premises; and having obtained execution on a judgment in such suit, he had it levied on the premises, which were set off to him, on the 12th of *January* 1824. To the plaintiff's title the defendant objected, that the officer's return on the execution shewed, that two appraisers were appointed, by a justice of the peace, but did not shew to what town such justice belonged. The defendant, therefore, claimed, that the levy was void; and as against a person claiming under a deed, the confirming act of *May* 1825, could have no operation; and if it was so intended, it was, so far, unconstitutional and void. It appeared, that the plaintiff and defendant in the execution were both inhabitants of the town of *Danbury;* that the land in question lay in that town; and the officer certified, that he "applied to *David Foot* Esq. the next justice of the peace that could by law judge between the parties, to appoint two appraisers, who appointed *Benjamin Hoyt* jun., and *Samuel Taylor* 2nd, they being lawful and indifferent freeholders of said *Danbury.*" The judge directed the jury, that if they should find, that the attachment was served before the execution of the deed, as claimed by the plaintiff, they must find a verdict for him. The jury gave a verdict for the plaintiff; and the defendant moved for a new trial.

*Sherman* and *Betts*, in support of the motion, contended, 1. That the levy of the execution was void, inasmuch as the officer's return does not state, that the justice who appointed the appraisers belonged to the town of *Danbury*, according to the terms of the statute then in force. *Mather* v. *Chapman* & al. 6 *Conn. Rep.* 54. Nor does this appear from any reasonable construction of the officer's return. The justice might have

been the next justice that could by law judge between the parties, and yet not an inhabitant of *Danbury.*  The return, being the only evidence of title, must shew *a strict* compliance with the requirements of the statute.

2. That the defect was not remedied, by the confirming act of 1825.  That act confirmed the levy only as between the execution creditor and debtor ; not as to a purchaser from the debtor.  Such a confirmation would be unconstitutional, as a violation of a vested right, and as impairing the obligation of a contract.  The deed, at the time it was given, passed a perfect title to the grantee.  The confirming act, if effective in this case, destroys that title, and the legal force of the contract, by which it was acquired.  *Wilkinson* v. *Leland* & al. 2 *Pet. Rep.* 627.  *Dartmouth College* v. *Woodward,* 4 *Wheat.* 682. *Fletcher* v. *Peck,* 6 *Cranch* 136, 7.  *Green* v. *Biddle,* 8 *Wheat.* 92.

*N. Smith* and *Booth,* contra, contended, 1.  That the levy was good under the statute, as revised in 1821.  It appears from the return, by necessary inference, that the justice who appointed the appraisers, was of the town in which the land lay.  The land lay in *Danbury ;* both the plaintiff and the defendant lived in *Danbury ;* and the justice was the next justice who could by law judge between the parties.  Now, by the statute regulating civil actions, all actions cognizable by a justice of the peace, shall be brought and tried in the town in which the plaintiff or defendant dwells.  *Stat.* 41. *tit.* 2. *s.* 22.

It follows, necessarily, that the justice in question, must have dwelt in *Danbury*—unless a fact is to be assumed, which the defendant has not shewn, and which is very improbable, *viz.* that there was no justice in *Danbury,* who could judge between the parties.  In the absence of proof to the contrary, the presumption of law is, that the officer did his duty.

2. That if the levy was not originally good, it was confirmed, by the act of *May* 1825.  The case is embraced by the provisions of that act ; and the act itself is constitutional and valid. *Mather* v. *Chapman* & al. 6 *Conn. Rep.* 55. 58.  *Goshen* v. *Stonington,* 4 *Conn. Rep.* 209.  *Beach* v. *Walker,* 6 *Conn. Rep.* 190.  *Foster* & al. v. *The Essex Bank,* 16 *Mass. Rep.* 271. 273.  *Norton* v. *Pettibone* & al. 7 *Conn. Rep.* 319.

Hosmer, Ch. J. The controversy in this case relates solely to the plaintiff's title.

An execution in favour of the plaintiff, both the parties to it being inhabitants of *Danbury*, where the *locus in quo* is situated, was levied on the land in question; and the officer states in his return, that the appraisers were appointed by the next justice of the peace, "that could by law judge between the parties."

It is admitted, and is undeniable, that the justice, when exercising the above act of appointment, must have dwelt in the town wherein the plaintiff or defendant dwells, unless there is no justice in either of said towns, who can lawfully try the cause; in which event the plaintiff may bring his suit before a justice in an adjoining town. *Stat.* 41. *tit.* 2. *s.* 22.

To the levy it is objected, it does not appear, that the justice who appointed the appraisers, dwelt in *Danbury.*

I admit, that it does not *necessarily* thus appear, in exclusion of every possibility to the contrary; but by a rational construction of the officer's return, there is no doubt that the requisite fact does appear.

The return of an officer ought ever to receive a reasonable intendment and construction; and where it is susceptible of different meanings, that should be adopted, which is most conformed to his legal duty. *Booth* v. *Booth,* 7 *Conn. Rep.* 350. When, therefore, it is returned upon an execution, that the appraisers were appointed, by the next justice of the peace, capable of judging between the parties, both of whom lived in the town of *Danbury,* where the land in question lay, it is a reasonable construction, that by this periphrasis, the officer intended the same as if he had said, that the justice dwelt in the aforesaid town. This construction assumes the principle that the officer did his duty, which is a most reasonable intendment, until the contrary is made to appear. It is the more reasonable, as, if this were not the fact, it was competent for the defendant to prove it; and it would have been proved by him, as the proof could be attended with no possible difficulty.

On the other hand, if the argument is adopted, that without reference to the performance of his legal duty, the officer meant only to affirm, that there was no justice in *Danbury,* who could judge between the parties, and that the justice appointing the appraisers was of an adjoining town, we admit a most strange absurdity. A return of such a fact would avail

*Fairfield,*
June, 1830.

Whittlesey
*v.*
Starr.

nothing, and would decisively shew, that the officer had not done his duty ; that the levy was void ; and with open eyes on the consequences, that he had thought proper to vitiate the whole proceedings, and to subject himself to damages equivalent to the execution debt.   A construction more unreasonable cannot be imagined, nor one more opposed to established principles.   If the words of a contract admit of two senses, (and so of a return) that shall be preferred, which is most agreeable to law.   *Shep. Touch.* 85.   So where words are capable of different expositions, that shall be taken, which supports the transaction.   *Doug.* 465.

I have no doubt that the execution was duly levied ; and think it unnecessary to express an opinion on any other point.

DAGGETT and WILLIAMS, Js. were of the same opinion.

PETERS, J. dissented ; and BISSELL, J., having been of counsel in the cause, gave no opinion.

New trial not to be granted.