## ABERCROMBIE'S ADM'R v. CHANDLER.

1. A return by the sheriff to a *fieri facias*, that the judgment had been satisfied by the defendant in execution, is bad.

Error to Perry Circuit Court.

THIS was a motion by the administrators of Abercrombie, against the sheriff of Perry county, suggesting that by due diligence he could have made the money on an execution issued upon a judgment of their intestate, against one Thomas Billingsley.

The sheriff, for answer to the suggestion pleaded, that Billingsley had paid off and discharged the debt to the intestate in his lifetime, and had taken his receipt therefor, which he avers was the genuine receipt of the deceased. He further pleaded not guilty.

The plaintiff demurred to the first, and took issue on the second plea.

The court sustained the demurrer to the special plea, and the jury having found for the sheriff upon the issue in fact, the court rendered judgment for the defendant, from which this writ is prosecuted. The assignment of errors presents the judgment of the court upon the demurrer.

A. GRAHAM, for the plaintiff in error, contended, that as the execution was regular on its face, and authorized by the judgment, the sheriff was bound to levy it, and could not defend himself for omitting to execute it, by proving it was paid. He cited 1 Ala. Rep. 543; 3 Id. 28; 6 Id. 314; 7 Id. 703; Watson on Sheriff, 53, 147; Seawell on Sheriffs, 450; 12 Wendell, 96; 13 Id. 35; 1 Hill, S. C. 275; 9 Conn. 141.

ORMOND, J.—The plea in this case, or replication to the suggestion, as it is called in the record, is clearly bad. The

79

duty of the sheriff is to execute all writs placed in his hands, without inquiry into the regularity of the proceedings on which they are founded. Although the process in his hands be voidable, or erroneous, he is nevertheless bound to execute it. He is only excused from doing so, when the process is absolutely void, as was the case in Holloway v. Johnson, 7 Ala. Rep. 660 ; Watson on Sheriff, 53 ; Watson v. Watson, 9 Conn. 141 ; Parmlee v. Hitchcock, 12 Wendell, 96.

The facts in this case are, that the sheriff declines to levy, and make the money upon an execution, which is regular upon its face, and authorized by the judgment, and returns upon it, that he has not made the money upon the writ according to its mandate, because the judgment was paid and satisfied by the defendant in execution, to the intestate of the plaintiffs, in his lifetime. These facts constitute no justification whatsoever. If the facts are as he supposes, if the judgment has been discharged by payment, and no formal entry of satisfaction made upon the record, he must nevertheless proceed to execute the writ. No injury can accrue to the defendant in execution from this course. If, in truth, the judgment has been paid off and discharged to the intestate, and his representatives are now seeking to make the money again, out of the defendant, a supersedeas will be granted by the court out of which it issued ; and if the judgment has been satisfied, satisfaction will, on motion, be entered, and the execution be quashed.

To permit the sheriff to raise this question, and to refuse to execute a *fieri facias*, because the judgment has been satisfied, is wholly unwarranted. His duty is to execute the writ, if the court had jurisdiction to render the judgment, without speculating about consequences, with which he has no concern, and against which, to insure the execution of the writ, the law has clothed him with impunity. This return would open an entirely new mine of litigation, not only unexplored by our ancestors, but unknown to them, of which the least evil would be the endless litigation it would produce. If such a return as this could be tolerated, the execution, instead of being the end of the law, would be merely the beginning of the real litigation. It is not difficult to point

out some of the inevitable consequences which would result frem this novel mode of ascertaining whether the judgment was satisfied or not, by giving the sheriff a direct interest to produce this result; but it is sufficient to say, that the return is wholly unwarranted by law—that the sheriff must execute the writ, and leave the settlement of all such questions to the parties to the record.

Let the judgment be reversed and the cause remanded.