## McKEAGG v. COLLEHAN.

1. An indorsement of the sheriff, upon an execution, "the defendant has the plaintiff's receipt for the debt, interest and costs, in this case," is not a legal return, and will not prevent an alias execution from being issued.

2. A receipt is open to explanation, and if fraudulently obtained, in discharge of an execution, or is without consideration, it will oppose no obstacle to a recovery.

3. A plea alledging that a receipt, and satisfaction, was obtained by fraud in the sale of a horse, is bad, as it states a conclusion of law, instead of stating facts.

Error from the Circuit Court of Dallas.    Before the Hon. E. Pickens.

THE defendant in error exhibited his petition for writ of error *coram vobis*, and for supersedeas of an execution issued from the circuit court of Dallas county on a judgment in favor of the plaintiff in error, for the sum of $132 66 damages, besides cost of suit, upon the ground that the said judgment, since its rendition, had been fully paid off and satisfied by him.    It appears that the sheriff had returned a previous execution thus indorsed: " The defendant has the plaintiff's receipt for the debt, interest and cost, in this case.    March 14, 1845.    (Signed)    J. F. Conoly, Sh'ff D. C." A supersedeas of the execution having been awarded by the circuit judge, the defendant pleaded to the petition two pleas, viz: 1. That admitting the receipt mentioned in the sheriff's return and in the petition to have been executed by him, says the same was given in consideration of a horse, sold the said

McKeagg, in satisfaction of said judgment, and by the said Collehan warranted to be sound, and which was unsound and wholly valueless, being diseased, and having died with glanders, which disease the said Collehan knew at the time of the said sale and receipt the said horse had, and wilfully, fraudulently and corruptly imposed him upon said plaintiff in the execution, and that the said horse was given alone in payment and satisfaction of said judgment.

The second plea avers generally that said receipt and satisfaction were obtained by fraud in the sale of a horse by Collehan to plaintiff in error.

A demurrer was sustained to each of these pleas, and the court proceeded to perpetuate the supersedeas, and gave judgment for the cost against the said McKeagg.

The overruling the demurrers to the two pleas is assigned as error.

GEORGE W. GAYLE, for plaintiff in error.

CHILTON, J.—The indorsement of the sheriff upon the execution was not a return. The writ commanded him to make the money specified in the execution, and the law confers upon him no authority thus to adjust the rights of the parties. There was, then, no such entry of satisfaction as would prevent the issuance of an *alias fi. fa.* This was done, and the defendant in the judgment became the actor to have it satisfied, by virtue of his receipt which he had obtained from the plaintiff. He undertakes to show to the court that the demand reduced to judgment, had been fully paid off. Now, if we admit the truth of the first plea, (and the demurrer does admit it to be true,) to allow the receipt given by the plaintiff in execution to have the effect of a satisfaction, we must either affirm the doctrine that its consideration cannot be inquired into, or, that having been obtained in consideration of the sale of a horse, falsely represented and warranted to be sound, when in fact he was *wholly worthless* by reason of disease, which disease was known to the seller, and, as the plea asserts, which horse, so diseased, was " wilfully, fraudulently and corruptly" imposed upon the plaintiff in execution, we must regard said receipt as a satisfaction in

full of said execution. We cannot give our sanction for a moment to either proposition. A receipt, though it be in full of all demands, is subject to explanation. If fraudulently obtained, or without consideration, it is inoperative and cannot be set up to defeat the plaintiff's right of recovery. The horse being wholly worthless, it was not incumbent on the plaintiff to aver that he returned, or offered to return him. These are familiar principles of law, and are so consonant with justice and common sense, as to render the citation of authorities unnecessary. The circuit court erred in sustaining the demurrer to the first plea, which though not very formal, at the same time substantially shows, that fraud and imposition in obtaining the receipt relied upon as a satisfaction renders it nugatory and void. The second plea is bad, as stating a legal conclusion, without setting out the facts from which such conclusion arises. For the error of the circuit court in sustaining the demurrer to the first plea, its judgment is reversed, and the cause is remanded.