Lipscomb, J.
This was an action in the District Court oí Walker county, founded on two judgments oí tlio District Court of Montgomery county, become dormant for failure to issue execution upon them.
The defendant pleaded in abatement the pendency of suits in Montgomery county by scire facias to revive those judgments; that those suits wore commenced before the commencement of this suit, and are still pending in that court. To filis plea there were various exceptions filed by the plaintiff, none of which will be noticed excepting the one that presents the question of a want of jurisdiction in the District Court of Montgomery county to revive the judgment by scire facias, because, wo believe that the pendency of the proceedings in Unit court to revive the judgment by scire facias is pleaded with sufficient precision if the District Court of Montgomery county could entertain jurisdiction, the defendant residing in the county of Walker.
The court below sustained the" defense, and the plaintiff appealed. The correctness of the decision of the court below depends upon the question, whether the proceeding by a scire facias in Montgomery county is a new and an original action. If it is, under our statute, (ilart. Dig'., art. 007,) it could only have been brought in the county of the defendant’s residence.
Tidd (2 vol., 083) lays down the .that, “upon a recognizance, a sc ire ’‘facias is unoriginal proceeding; but, upon a judgment, it is only a continuation of the former suit.” This rule, as laid clown by Mr. Tidd, is supposed, by the Supreme Court of Tennessee, to ho too broad, and will admit of exceptions. (State Bank v. Vance’s Adm’r, 9 Yerg. R., 471.) The scire facias was sued out upon a judgment obtained against Vance; and its object was to revive the judgment, and subject the assets of Vance’s estate, in tlio hands of his administrator; and the question was, whether the scire facias was an original action: because, if so, it was barred by the statute," that required all actions against administrators and executors to be brought within two years from tiie grant of administration; if, however, it was liot an original, but a continuation of the former suit, it was not within the statute., Judge Turley believed the rule laid down by Tidd was too broad, and shows that in that case it was not merely to revive the judgment, but to effect other objects. He does not deny the rule; but, as I understand him, admits its truth as a but claims to and is an acknowledgment of its correctness, where the scire facias only sought to revive tlio judgment. In this case, no new party is sought to be charged; and no additional liability is involved in the object sought by the scire facias. It i3 simply a revival of the judgment between the original parties. Under such, circumstances it is to be regarded, not as an original suit, but a proceeding growing out of and dependent upon the judgment. And we think that it is fairly within the jurisdiction of the District Court of the county where the judgment was rendered. The judgment is affirmed.
Judgment affirmed.
Note 7. — Hopkins v. Howard, 12 T., 7.