### JOSEPH A. WRIGHT V. DANIEL DAILY AND OTHERS.

An attorney-at-law has no right, without express authority from his client or principal, to receive anything but money in payment of a debt entrusted to him for collection.

It was error to admit as evidence the declaration of the attorney of a plaintiff in execution, made subsequent to a sale of property thereunder, to prove a payment of the judgment before the sale.

If, by any latitude of construction, a patent could be considered to be color of title in parties claiming under the patentee subsequent to the sale of the land by execution against the patentee, such a title could not be said to be intrinsically fair and honest; and it was error to instruct the jury that three years adverse possession under such a title constituted a bar.

ERROR from Houston. Tried below before the Hon. C. A. Frazer.

This was an action of trespass to try title to a league of land in Houston county, brought by the appellant against the appellees on the 23d of September, 1857.

The land in controversy was the headright of Edward Tyler. The plaintiff derived his title under a sale of the land by executions against Edward Tyler, at which sale, Charles Chevalier, the plaintiff in execution, was the purchaser. The plaintiff purchased the land at a sale of Chevalier's administrator, admitted to be regular.

The defendant pleaded not guilty, the limitations of three, five and ten years, and that the judgment in favor of Chevalier, under which the land was sold and the plaintiff claimed, had been paid off and satisfied before the sale under the executions, which, consequently, was void and conveyed no title.

Richard Gibson and wife and W. G. Tomlinson intervened and became co-defendants, all claiming to be heirs of Edward Tyler and his wife, both deceased.

At the trial the defendant offered in evidence declarations of Gen. Rusk, who had been attorney for Chevalier. These declarations were made after the sale of the land under the executions, and were to the effect that before the sale the judgment had been

paid to him as attorney in negro property. To this evidence the plaintiff objected, but the court overruled the objection, and the plaintiff excepted.

The other facts appear sufficiently in the opinion. Verdict for the defendant; judgment accordingly, from which the plaintiff prosecutes his writ of error.

*Geo. F. Moore* and *W. A. Stewart*, for plaintiff in error.

*T. J. Word*, for defendant in error.

BELL, J. We are of opinion that there is error in the judgment of the court below for which it must be reversed.

We think the court below erred in permitting the declarations of Gen. Rusk, made subsequent to the sale of the land by the sheriff, to go to the jury as evidence. But even those declarations, taken in connection with the other evidence in the case, did not show that the plaintiff was not entitled to recover. It was not shown that Gen. Rusk was authorized by Chevalier to receive property in payment and satisfaction of the notes, or of the judgments; and nothing that could be construed into a ratification by Chevalier of such an arrangement was shown by the evidence. We think, therefore, that the court erred in that part of the instruction which required or permitted the jury to find whether or not Gen. Rusk was authorized by Chevalier to receive property in payment of the notes; or whether or not Chevalier had ratified such an arrangement after it was made. An attorney-at-law has no right to receive anything but money in payment of a debt, the collection of which is entrusted to him, without express authority from his client or principal.

We think the court below also erred in instructing the jury that if the defendants, or either of them, or their tenants, or the ancestors of either of them, held the land adversely to the plaintiff, for three years next before the institution of this suit, claiming the land as their own under the patent to Edward Tyler, they should find for the defendants. The patent to Edward Tyler could not constitute color of title, after the sheriff's sale. The

title passed out of Edward Tyler by the sale made by the authority of the law, in the same manner as if the sale had been voluntarily made by Edward Tyler himself; and if the patent, by any latitude of construction, could be considered as color of title, after the sheriff's sale, certainly such a title could not be said to be intrinsically fair and honest. (See the case of Thomasson's lessee v. Keaton, 1 Sneed's Tenn. Rep., 155.)

It is obvious that the jury did not find their verdict with any reference to the ten years statute of limitation, because the verdict was general for the defendants, and defeated the whole of the plaintiff's claim. The evidence did not warrant a verdict upon a possession of ten years, because the evidence showed that the possession was not continuous of the same portion of the land. (See Angell on Limitations, sec. 399.)

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded

MOORE, J., did not sit in this case.