## DAVID Y. PORTIS v. CORNELIUS ENNIS.

See this case for evidence held not to tend to establish the fact of payment of a judgment, and therefore properly excluded from the jury.

Where a defendant in execution pleaded that he had paid a judgment, upon which execution had issued, by a draft given to the attorney of the plaintiff; *held*, that the burden of showing that the attorney of the plaintiff had authority to settle the judgment in any other manner than in money, was upon the defendant in execution; that without such authority, the acceptance of a draft by the attorney from the defendant would not operate as a satisfaction of the judgment.

The case of Wright v. Daily, 26 Tex. R., 730, cited and approved.

It would seem that entries of returns on executions made by the clerk of the District Court on the execution docket, might be legitimately used as original evidence.

APPEAL from Austin. Tried below before the Hon. George W. Smith.

This was an action of debt brought by the appellee on a judgment rendered in his favor against the appellant in the District Court of Austin county, on the 28th day of April, 1849. The

petition was filed May 20th, 1857. The judgment was for $192 80, and interest at eight per cent. per annum.

The defendant answered with a general denial and a plea of payment of eighty dollars cash on the 12th day of April, 1852; of $156 57, of the same date, by draft on Stubblefield and Sessums, and of the costs of suit.

The plaintiff read in evidence the judgment in his favor against the defendant for the amount named above. He then read the returns on the executions issued on the judgment as they appeared upon the execution docket, which showed, that the sheriff of Austin county had received six several executions issued on the judgment during the years 1849, 1850 and 1851; that upon one, a levy had been made, " but there being no bidders, there was no sale;" that on the last issued, the sheriff receipted to the defendant for $37 50, " it being full amount of costs;" that all the executions were returned " not satisfied." The defendant read the original execution on said judgment, being the last of the series issued; and then offered to read an indorsement thereon. To the reading of which the plaintiff objected; the court sustained the objection and the defendant excepted. The indorsement thus excluded from the jury was as follows, to-wit: " This execution appears to have been settled between the defendant and N. H. Munger, attorney for plaintiff, by receiving eighty dollars in cash, and a draft on Stubblefield and Sessums for one hundred and fifty-six dollars and fifty-seven cents, which, when said draft is paid, will be the full amount due the plaintiff in this execution for principal and interest; all of which appears by a note from N. H. Munger, which I return with this execution, this, April 12th, A. D., 1852.     JAMES J. JACKSON, Sheriff of Austin county."

This indorsement was entirely erased by lines drawn through it with a pen. The defendant then read the other returns made by the sheriff, which showed that he had received the execution on the 16th day of December, 1851; that he had received from the defendant $37 54, " the amount of costs," on the 12th day of April, 1852, and that he had returned it " by order of N. H. Munger, attorney for plaintiff," on the same day.

The defendant, in connection with this execution, introduced

James J. Jackson, who stated, "that he was the sheriff of Austin county at the time of its issuance and return; that it came into his hands as sheriff; that the indorsement which had the lines drawn through it, is in his handwriting; that he has no recollection of having drawn the black lines across the indorsement: that he is satisfied from the indorsement being upon the back of the execution in his handwriting, that he made it in obedience to the directions contained in the letter or note from N. H. Munger, plaintiff's attorney, which is alluded to in the indorsement; that he would not have made the indorsement unless he had been authorized by Munger to do so; that he is well acquainted with the handwriting of Munger; that he is satisfied from the indorsement that Munger instructed him to make the erasure; that he could not recollect that Munger or any one else authorized him to erase the indorsement; that the receipt of the payment of costs is also in the handwriting of Munger and was written by him on the same day that the indorsement was made on the execution; that the other returns of the execution were also in the handwriting of Munger; that he, Munger, was the attorney for the plaintiff."

Wm. H. Stubblefield, for defendant, stated "that he was a member of the firm of Stubblefield & Sessums, mentioned in the indorsement, which was erased; that defendant had considerable dealings with his firm at the time of said indorsement, and for one or two years previous thereto; that he had no recollection that the particular draft mentioned in the indorsement had been presented to the firm; that the defendant's credit was good with said firm at all times, and such a draft might have been presented and paid, although he does not recollect that particular draft; that said firm had accepted and paid a good many drafts for defendant at different periods and for different amounts; that he does not think that any draft by defendant on said firm was ever protested by them or payment refused; that if said draft had been presented to said firm, he thinks it would have been accepted and paid; that witness was from the State a good deal of his time; that the draft might have been presented to Sessums and payment refused by him and witness know nothing about it."

The court excluded all the foregoing evidence of defendant,

tending to prove payment of the judgment, stating to the jury that the evidence was insufficient to show payment. To which ruling the defendant excepted. The defendant also objected to reading in evidence the returns and indorsements set forth in the execution docket to prove the issuance and return of the last execution issued on the judgment, because the plaintiff had offered no proof or affidavit of the loss or absence of the original execution. The objection was overruled and the execution docket admitted in evidence. To which ruling the defendant excepted.

The court charged the jury to find a verdict for the plaintiff for the amount of the principal and interest of the judgment from the date of its rendition. The jury returned a verdict for the plaintiff for $192 80, with interest at eight per cent. per annum from date of the judgment, and judgment was rendered accordingly. A new trial being refused, the defendant appealed.

*Thompson, Harcourt & Robson,* for appellant.

*Hunt & Holland,* for appellee.

MOORE, J.—The evidence offered by the appellant, who was the defendant in the court below, to prove payment of the judgment upon which this suit was brought, did not tend to establish this fact, and was therefore properly excluded from the jury. The return upon the execution, which was in no manner contradicted or weakened by the testimony of the sheriff when properly understood, if this could have been legitimately done, clearly shows that the indorsement made upon the execution, upon which the appellant relied as evidence of satisfaction of the judgment, was erased before the final return was made by the sheriff. These entries were made on the execution on the same day; both were unnecessary; if the sheriff had intended the first one to stand, as his return upon the execution, no reason can be seen why he should have made the last. The sheriff no doubt was acting upon instructions given him in a letter from the attorney of the plaintiff in the original suit. After making the first entry he seems, evidently, to have regarded it as not authorized by his instruc-

37*

tions, or not such as the law gave him authority to make, and therefore erased it and made the return which is now found standing upon the execution. If this entry had not been erased by the sheriff, as is clearly to be presumed was the case, it could hardly be said to furnish any evidence of the payment of the judgment. (Abercrombie v. Chandler, 9 Ala., 625.) The plaintiff's attorney was not shown to have had authority to collect the judgment except in money; if he was authorized to settle it in any other manner, the burthen of proving it devolved upon the appellant. This was not done. The acceptance of the appellant's draft therefore did not operate as a satisfaction of the judgment. (Wright v. Daily, 26 Tex., 730.) Nor do we think the sheriff's return can be properly regarded as evidence of transactions between the defendant in execution and the plaintiff's attorney, with which he has no connection, and about which he has no information except such as he may have derived from subsequent statements of the attorney.

The testimony of the witness offered by the appellant to prove payment of the draft alleged to have been given to the attorney of the appellee in the original suit, neither showed that such a draft had been given or paid, and was consequently properly ruled out by the court. And there being no evidence before the jury, from which they could have properly inferred satisfaction of the judgment, there was no impropriety in the judge so instructing them.

The clerk is required to enter the returns made by the sheriff on the execution docket. They are made thereby a part of the records of his office, and of the proceedings had in the case, and it would seem, therefore, might be legitimately used as original evidence. But if not, as the execution and original returns endorsed on it by the sheriff were also subsequently introduced in evidence, no injury could have resulted from the admission of the docket. It certainly might, with propriety, have been received after the execution had been introduced, to strengthen the presumption arising from an inspection of the execution, that the erasure of the first entry was made by the sheriff before the return of the execution to the clerk. Although the evidence may have been prema-

turely offered, as the jury were entitled to have considered it when the case was finally submitted to them, the refusal of the court to exclude it when offered, resulted in no injury to the appellant, and furnishes no ground for a reversal of the judgment.

There being no error in the judgment in this case, it is affirmed.

Judgment affirmed.