AULTMAN, MILLER & CO v. McGRADY ET AL.

1. **Execution**: SATISFACTION OF: RETURN. The return, indorsed upon an execution by the officer, that "the within execution was satisfied by defendant giving security for said money," is not evidence of satisfaction; nor will such return, with the entry by the clerk, upon the record of judgments, "execution returned satisfied, as per sheriff's return thereon," justify a subsequent mortgagee in relying upon them as showing the judgments were satisfied.

*Appeal from Cerro Gordo Circuit Court.*

THURSDAY, APRIL 20.

ACTION in equity to correct a record entry and establish the lien of a judgment as paramount to the lien of a mortgage. The plaintiffs obtained two small judgments against the defendant, McGrady, before a justice of the peace of Cerro Gordo county. Afterward, they caused transcripts of the judgments to be filed in the office of the clerk of the Circuit Court of the county, and caused an execution to issue which was levied upon certain growing crops. Afterwards, the plaintiffs agreed to extend the time of payment, and in consideration thereof, McGrady executed to them a chattel mortgage to secure the judgments. The officer who held the execution released the levy and made a return upon the execution in these words: " I hereby certify and return that the within execution was satisfied by defendant giving security for said moneys; said security taken by order of plaintiffs." The clerk then made an entry upon the record of the judgments in the following words: " Execution returned satisfied, as per sheriff's return thereon. Security taken by order of plaintiffs." McGrady then borrowed money of the defendant, the Edinburgh American Land Mortgage Company; and to secure the money, executed a mortgage upon certain land in Cerro Gordo county. The mortgagee relied upon the return upon the execution, and upon the clerk's entry, as showing that the judgments had been satisfied, and that the land mort·

gaged was free from the liens thereof. The judgments had not, in fact, been satisfied, and the court below so held; but it held also that by reason of the return made upon the execution, and the entry made by the clerk, the judgments appeared to be satisfied at the time the mortgage was executed, and so the mortgage had in equity become paramount to the lien of the judgments; and decree was entered accordingly. The plaintiffs appeal.

*Wilbur & Sherwin, Glass & Hughes* and *J. T. Lattimore,* for appellants.

*Bush & Hurn,* for appellees.

ADAMS, J.—A return upon execution is evidence only of what can properly be embraced in a return. A return showing that the judgment has been satisfied by the judgment defendant is not evidence of such fact. *Abercrombie v. Chandler,* 9 Ala., 625. A return upon execution should be a statement of what is done by the officer in obedience to the writ. The provision of statute in relation thereto is in these words: "The officer to whom an execution is legally issued shall indorse thereon the day and hour when he received it, and the levy, sale, or other act done by virtue thereof, with the date, and the dates and amounts of any receipts or payments in satisfaction thereof." Code, § 3038. There is no provision for a return showing the acts of any one but the officer. A statement in the return purporting to show the acts of some one other than the officer is without authority of law and surplusage. *Gilchrist v. Bank,* 11 Ala., 408, and *McKeag v. Callehan,* 13 Ala., 828. We ought perhaps to say that if a return is of doubtful meaning, courts are inclined to so construe it that it will show that the officer did his duty. *Whittlesby v. Starr,* 8 Conn., 134. So it has been said that the single word "satisfied," indorsed upon the execution and signed by the officer, should be construed as meaning that the officer has made the entire

1. EXECU-
TION: satisfaction of:
return.

amount of the execution.    Herman on Executions, 379.    The word " satisfied " is embraced in the return in question, but the whole return taken together clearly precludes the idea that the officer had made any part of the execution.    Indeed, it is not claimed by defendant that the return, taken as a whole, showed that the execution was satisfied.    Their claim is that the return showed that the judgments were satisfied.    The debt, of course, was not satisfied.    The fact that security was taken showed that.    But the defendant mortgagee says that the return shows that the security was taken for " the moneys," which should be considered as indicating that the parties understood that the plaintiff's claim was no longer evidenced by the judgments.

We do not care to go into an examination of the language of the return, for the purpose of determining what it shows in regard to the agreement or understanding of the parties. If it showed anything in that respect, it showed something not provided for by law, and the defendant mortgagee was not justified in relying upon it.

We do not say that where an execution is returned unsatisfied by order of the plaintiff, it would be improper for the officer to state the fact of the order in his return.    Now, while in such a case a question might arise in regard to the truth of the statement, it would be a question solely between the plaintiff and the officer.    It would not be a question pertaining to the validity of the judgment, or effect of the officer's acts, which might concern third parties.

Having reached the conclusion that the defendant mortgagee was not justified in relying upon the return, as showing that the judgments were satisfied, we have to say that we think it was not justified in relying upon the clerk's entry. That referred to the return, and showed in effect no more than the return showed.

In our opinion the mortgage is subject to the lien of the judgments.

REVERSED.