Branch T. Masterson v. W. H. Cundiff.

(Case No. 1548.)

1. Venue.— The right to be sued in one's own county is a personal privilege which will be regarded as waived unless specially claimed. When the fact does not appear on the face of the petition that the defendant is sued in some other county than that of his residence, he must raise the question of his right to be sued in the

county where he lives by plea in abatement; when it does so appear, he may avail himself of the privilege by special demurrer.

2. REVIVAL OF JUDGMENT BY SCIRE FACIAS — VENUE.— A proceeding to revive a judgment by *scire facias* is not a new suit, but a continuance of the one in which the judgment was obtained, and the proper venue of it is the county in which the judgment was rendered.

3. SCIRE FACIAS TO REVIVE JUDGMENT LIEN.— A *scire facias* may be sued out on a judgment which, though not dormant, has lost its lien.

APPEAL from Houston. Tried below before the Hon. J. R. Kennard.

Appellant, claiming to be sole assignee of the estate and effects of R. & D. G. Mills, bankrupts, brought this suit on the 11th of February, 1882, to revive in his name as assignee, a judgment recovered in the district court of Houston county on the 24th day of November, 1870, by one D. C. Stone for the use of the said R. & D. G. Mills, before they became bankrupts, for the sum of $1,050.83, with interest thereon from that date at the rate of ten per cent. per annum, and costs of suit. Prayer that defendant be cited by *scire facias* to appear and answer; that the judgment be revived in his name as assignee, and that he have execution for the amount thereof, including interest and costs, and for such other and further judgment as in law and equity he might be entitled to

The appellee by his answer filed March 10, 1882, presented two issues, to wit: 1st. General exception. 2d. General denial.

The judge sustained the general demurrer and (plaintiff not amending) dismissed his petition, and gave judgment against the plaintiff for costs, to which he excepted, gave notice of appeal, etc.

The last execution, according to the allegations of the petition, had issued on the 1st of May, 1873, about nine years before the commencement of this action.

Some two years elapsed between the issuance of the first and second executions, occasioned, it was alleged, by defendant's devices and "fraudulent maneuvering," by filing petition for writ of error and supersedeas, and then fraudulently, with intent to delay and hinder plaintiff from issuing an *alias* execution, procuring a transcript of the record to be made out, etc.

*S. A. Miller*, for appellant.

*Nunn, Williams & Corry*, for appellee.

I. The petition showing on its face that the judgment was not dormant, there was no ground for *scire facias* to revive it. 2 Pasch. Dig., arts. 7005, 7007.

II. The judgment being in full force in the same court in which

this proceeding was instituted, an action of debt therein did not lie. R. S., art. 3210; Johnson v. Murphy, 17 Tex., 219.

III. The prayer of the petition for a revival of the original judgment under scire facias was inconsistent with the claim for a judgment as in an action of debt on the judgment, and such relief could not therefore be granted under the prayer for general relief, even if otherwise proper. Hogan v. Kellum, 13 Tex., 399; Denison v. League, 16 Tex., 406.

IV. The assignee (appellant) could not have the relief sought, for two reasons: First, because scire facias would not lie in his favor, he being neither a party to the record nor the legal representative of such party. Second, because the judgment was not dormant, and execution could issue in name of the plaintiff for use of the assignee.

WILLIE, CHIEF JUSTICE.— Upon what ground the general demurrer of appellee was sustained below does not appear from the record. In the brief of his counsel it is stated that it prevailed for two reasons: one because it appeared from the face of the petition that Cundiff, the defendant below, was a resident of Wise county, and not of the county in which the suit was brought; the other, because the judgment sought to be revived was not dormant, and hence a scire facias to revive it would not lie. As to the first of these, it is sufficient to say that the privilege of being sued in the county of his residence is personal to the defendant, and is considered waived unless specially claimed by him. When it does not appear from the face of the petition that he is sued in a different county, he must claim it by a plea in abatement; when it does so appear, he must do so by a special demurrer.

It may be added that this court has held that a proceeding to revive a judgment by scire facias is not a new suit, but a continuation of the one in which the judgment was obtained, and the proper venue of it is the county where the judgment remains of record (Perkins v. Hume, 10 Tex., 50), which in the present case was Houston county. So there is nothing in this as a ground of demurrer.

As to the other, was it necessary under the act of November 9, 1866 (which was the act in force when this judgment was obtained), that a judgment should be dormant to entitle the plaintiff to a scire facias to revive it? That act was entitled "An act to prevent judgments from becoming dormant, and to create and preserve judgment liens." It declared, in effect, that judgments such as the present one should be a lien upon all the real estate of the

judgment debtor situated in the county where the judgment is rendered, and on all the real estate of the judgment debtor situated in any other county, from the time when a transcript of it shall be filed of record therein; *provided*, that the lien should cease and become inoperative if execution should not issue within one year from the first day when it might issue.

Under this law, it was held in Barron *v.* Thompson, 54 Tex., 235, that there was a difference between a judgment becoming dormant and the loss of its lien upon the defendant's lands. That whilst the latter would not result from lapse of less than ten years between the issuance of executions, the judgment in that case was adjudged to have lost its lien by a failure to issue the third execution upon it for more than eight years after the date of the issuance of the second. Under the law as established by that decision, the judgment under consideration, although not dormant, had lost its lien previous to the date of filing the petition for a *scire facias*.

The question then is, can a *scire facias* be sued out upon a judgment, which, although not dormant, has lost its lien?

The law of 1840 gave a lien on all the property of the defendant in the county where the judgment is rendered from its date, provided the lien should cease to operate if execution should not be sued out within twelve months from the date thereof, and due diligence be not used to collect the same. In Bennett *v.* Gamble, 1 Tex., 124, this court held under that law, that due diligence meant the issuance of execution at the expiration of each term of the court. It was held that unless this was done the lien would be lost and could be revived by *scire facias* only. Although the statute which called forth the decision has long ceased to exist, yet the principle established, that when the lien of a judgment is once lost it can only be revived by a *scire facias*, still exists, and is as applicable to the law of 1866 as to the one under which that case was decided. If, then, a plaintiff is entitled to institute this proceeding where the lien of his judgment is gone, as was the case here under the decision in Barron *v.* Thompson, a demurrer which sought to deprive him of this right should not have prevailed. This plaintiff was authorized to take any step known to the law to give full force and vitality to his judgment, and to restore its lien, and if entitled to an execution, as is contended by appellee's counsel, he was not confined to that remedy, and the demurrer should have been overruled.

For the error of the court in sustaining it, the judgment is reversed and the cause remanded.　　　　　Reversed and remanded.