## A. B. JOHNSON V. J. W. SKIPWORTH.

### (Case No. 4855.)

1. VENUE.— In an action of debt on a judgment, the same being an original proceeding and not a mere continuation of a former suit, the proper venue is the county of defendant's residence.   Distinguished from Perkins *v.* Hume, 10 Tex., 50.
2. PRACTICE — PLEADING.— In such an action, when the recovery was sought on a destroyed judgment, it was not necessary that the averment of the amount of the former recovery should be sworn to.
3. STATUTE CONSTRUED — DESTROYED JUDGMENTS.— Art. 4289, R. S., in regard to lost or destroyed judgments, was not designed to prohibit the setting up and proving the former existence and contents of a lost judgment as at common law, but was cumulative of the remedy already existing.
4. EVIDENCE.— Evidence of the loss and destruction of a record is not restricted to such as may be furnished by its custodian at the time of its loss or destruction, but may be supplied by one having knowledge of the fact that it once existed and was lost or destroyed.

APPEAL from Mitchell.    Tried below before the Hon. R. H. Allen.

Action of debt by J. W. Skipworth under article 3210, Revised Statutes, on a dormant judgment of the district court of Tarrant county, rendered in 1874, the record of which, it was alleged, had been destroyed by fire.   It was brought in the district court of Mitchell county on the 24th day of January, 1883.

Judgment was rendered in favor of the appellee for $1,350.64.

Appellant assigned as error:  . . .  " 6. Because the court erred in admitting the deposition of John D. Templeton in evidence over the objection of the defendant, because the predicate had not been laid by affidavit to the loss of the record, and because parol testimony is not competent in Mitchell county to establish the existence, loss and contents of a record of Tarrant county.   The same should have been established in said Tarrant county, as same was a court of record.

" 7. Because the court erred in admitting the deposition of John D. Templeton to prove the loss and destruction of certain records, when it did not appear therefrom that he was the keeper of the records, the same not being the best evidence of that fact; and it does not appear that any search was made for the same, and no reason given why the evidence of the keeper of the records was not had, the same being the best evidence of that fact."

*P. M. Thurmond*, for appellant, cited Scherer *v.* Upton, 31 Tex., 617; Story's Eq., vol. 1, secs. 81, 82, 83, 84; Perkins *v.* Hume, 10 Tex., 50; Dunn *v.* Choate, 4 Tex., 13; Bateman *v.* Bateman, 16 Tex., 541.

*John D. Templeton* and *Martin Kennedy*, for appellee, cited Greenleaf, sec. 509. In the following cases it does not appear that any affidavit was made: Tillotson *v.* Warner, 3 Gray, 574; Simpson *v.* Norton, 45 Me., 288; Eaton *v.* Hall, 5 Metc., 290; Hall *v.* Manchester, 40 N. H., 413.

WILLIE, CHIEF JUSTICE.— There was no error in overruling appellant's demurrer to plaintiff's petition. The suit was an action of debt upon a judgment, and the proper venue was the county of the defendant's residence. R. S., art. 1198. It was a new suit and not a mere continuation of the former one, as in case of *scire facias*, and hence the authority of Perkins *v.* Hume, 10 Tex., 50, is not applicable to it.

Nor was it requisite that the averment of destruction of the judgment contained in the petition should be sworn to. This was matter of evidence, and it was sufficient if the proof showed that the instrument was destroyed, in order to let in evidence of its contents. 1 Greenl. on Ev., secs. 84, 509; Freeman on Judgments, sec. 407.

The depositions of Templeton were properly admitted. No objections to them can be considered here that were not taken in the district court. The two grounds offered for their exclusion below were: First. Because parol proof was not admissible to prove the contents of a destroyed judgment, except in the court where the loss occurred. Second. It did not appear that Templeton was the custodian of the records at the time of their destruction, and hence his testimony was not the best evidence of their contents. If, as we have shown, the district court of Mitchell county had jurisdiction of the cause, it was of course proper to prove all facts necessary for a recovery in that court.

Art. 4289 of the Revised Statutes was intended to furnish a rule by which a lost or destroyed record might be substituted, but not to prohibit a party from setting up such a record and proving its contents as at common law. It gave an additional remedy to what was already provided, but did not take away the former one.

We know of no rule of evidence which requires lost records to be proved by the person in whose custody they were at the time they were destroyed. Counsel do not furnish us any authority to that effect, and the rules of evidence seem to admit of such proof by any one having knowledge of the fact. See Greenl. on Ev., § 509, and authorities cited. Besides, the depositions are not made part of the bill of exceptions, and as the statement of facts has been stricken from the record, we have no means of knowing what proof was made by the testimony of the witness. There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered May 25, 1883.]