## A. B. JOHNSON vs. J. W. SKIPWORTH.

SUPREME COURT, AUSTIN TERM, 1883.

*Venue.*—-Where a suit was an action of debt upon a judgment the proper venue was the county of defendant's residence.

*Lost Record—Averment need not be sworn to.*—The averment in a petition of destruction of a judgment need not be sworn to.

*Same—Statute construed.*—Art. 4289 R. S. does not prohibit a party from setting up a lost or destroyed record and proving its contents as at common law.

Appeal from Mitchell County.

*P. M. Thurmond* for appellant.

*Martin & Kennedy, Jno. D. Templeton* for appellee.

Opinion by Willie, C. J.

There was no error in overruling appellants demurrer to plaintiff's petition. The suit was an action of debt upon a judgment and the

proper venue was the county of the defendants, residence. Rev. Stats. Art. 1198.

It was a new suit and not a mere continuation of the former one as in case of *scire facias* and hence the authority of Perkins vs. Hume, 10 Tex. 50,is not applicable to it.

Nor was it requisite that the averment of destruction of the judgment contained in the petition should be sworn to. This was a matter of evidence, and it was sufficient if the proof showed that the instrument was destroyed in order to let in evidence of its contents. 1 Greenl. on Ev. Sec 84 and 509. Freeman on Judgments Sec. 407.

The depositions of Templeton were properly admitted. No objection to them can be considered here that were not taken in the district court. The two grounds offered for their exclusion below were: First. Because parol proof was not admissible to prove the contents of a destroyed judgment except in the court where the loss occurred. . Second. It did not appear that Templeten was the custodian of the records at the time of their destruction and hence his testimony was not the best evidence of their contents.

If, as we have shown, the district court of Mitchell county had jurisdiction of the cause, it was of course proper to prove all the facts necessary for a recovery in that court.

Art. 4289 of the Rev. Statutes was intended to furnish a rule by which a lost or destroyed record might be substituted, but not to prohibit a party from setting up such a record and proving its contents as at common law. It gave an additional remedy to what was already proved, but did not take away the former one.

We know of no rule of evidence which requires lost records to be proved by the person in whose custody they were at the time they were destroyed. Counsel do not furnish us any authority to that effect and the rules of evidence seem to admit of such proof by any one having knowledge of the fact. See Greenl. on Ev. Sec 509, and authorities cited.

Besides the depositions are not made part of the bill of exceptions, and as the statement of facts has been stricken from the record we have no means of knowing what proof was made by the testimony of the witness. There is no error in the judgment and it is affirmed.