## E. P. ANDERSON v. B. D. BOYD.

(Case No. 5373.)

1. CAUSE OF ACTION — LIMITATION. — Suit was brought on a judgment, within ten years from its date, which the petition alleged was in full force, and on which plaintiff asked in his petition for judgment. Afterwards, and after the expiration of ten years from the date of the original judgment entry, the plaintiff amended his petition, alleging that the original judgment was dormant, and had lost its lien when suit was brought, and prayed for its enforcement. The defendant raised the question of ten years' limitation by demurrer, on the ground that the amended petition set up a new cause of action. *Held:*

(1) The cause of action was the judgment on which a recovery was sought.

(2) The fact that the amendment prayed for a larger remedy did not vary the cause of action.

(3) The running of the statute of limitations was stopped by the institution of the suit.

2. JUDGMENT, SUIT ON. — A judgment which, though not dormant, has lost its lien, may be made the basis of an action to restore the lien either by *scire facias* or by action of debt.

3. ATTORNEY — PRINCIPAL AND AGENT. — An attorney who represents a client in obtaining a judgment for money has, as such, no authority to bind his principal by agreeing to take anything else in payment. When such attorney accepted claims upon others in discharge of the debt, and informed his client that they were taken as collaterals, the only obligation imposed on the client was to use due diligence in their collection and application to the discharge of the judgment.

APPEAL from Ellis. Tried below before the Hon. Geo. Aldredge. The opinion, in connection with the statements contained in the syllabus, states the case.

*A. A. Kemble,* for appellant, that the amendment set up a new cause of action, cited: Ayers *v.* Cayce, 10 Tex., 99; Smith *v.* McGaughey, 13 Tex., 466; Henderson *v.* Kissam, 8 Tex., 46; Hopkins *v.* Wright, 17 Tex., 350.

*E. P. Powell,* for appellee, cited: Rules of District Court (Amendment rule No. 12); 60 Tex., 266 and 422; 2 Pasch. Dig., art. 3962; 17 Tex., 623; 40 Tex., 183; 54 Tex., 235; 58 Tex., 475.

WILLIE, CHIEF JUSTICE. — The amended petition, termed a trial amendment, set up the same cause of action relied on in the original petition, viz., the judgment obtained by Boyd against Anderson. That the one alleged that the judgment was in full force, and the other that it was dormant or had lost its lien, does not affect the

question.   These were but the legal conclusions of the pleader, and whether the facts averred had the one effect on the other upon the judgment was for the court to determine upon the state of case made by the pleadings.   Limitation therefore ceased to run against the judgment when the original petition was filed.   Ten years not having then expired from the entry of the judgment, the action was not barred.

We have already held that under the laws in force when this judgment was obtained, a *scire facias* might be sued out on a judgment which, though not dormant, has lost its lien.   Masterson *v.* Cundiff, 58 Tex., 472.

It was said in that case that the plaintiff is authorized to take any step known to the law to give full force and vitality to his judgment.   The case before the court then, like the present, was that of a judgment not dormant by reason of the lapse of time, but which had lost its lien by a failure of the plaintiff to have executions issued in timely succession to each other.   If the plaintiff can use any remedy calculated to secure the appropriate relief, he may resort to either a *scire facias* or an action of debt.   It is not important, therefore, whether the present suit comes under the one denomination or the other.

The defendant pleaded that after the original judgment was obtained he paid it, by transferring to plaintiff certain claims against other parties, and that these were accepted in satisfaction of the judgment.   The judge below found that these claims were turned over to the attorney of the plaintiff, and whilst they were received by him in payment of the judgment, this fact was unknown to the plaintiff.   The latter's information, as derived from the attorney, was that the claims were placed with him as collaterals, the proceeds of which when collected were to be applied to the satisfaction of the judgment.   There is nothing in the record to show that Boyd authorized his attorney to receive the claims in payment of the judgment, or did any act to ratify his action in this respect.

As the attorney had no authority to receive these claims in settlement of the judgment, his action was not binding upon Boyd, and the only effect that could possibly be given to it was to require of Boyd due diligence in the collection of the claims, and the application of their proceeds towards diminishing the amount due upon the judgment.   Portis *v.* Ennis, 27 Tex., 574; Wright *v.* Daily, 26 Tex., 730.

In respect to one note only he appears to have been neglectful in enforcing a collection.   That was a partnership claim of E. P.

Anderson and Geo. B. Anderson, and its transfer to secure the separate debt of the former passed no title to Boyd, at least in the absence of the consent of his copartner. Goode *v.* McCartney, 10 Tex., 193.

Had this note been the separate property of E. P. Anderson, Boyd might have been chargeable with the whole amount of it, if its collection was prevented by any want of diligence on his part. As it was a firm note the court below charged him with E. P. Anderson's interest in it only, and credited that amount on the judgment. This was certainly as much as the defendant could claim, and the decision below is in this respect fully as favorable to him as the facts would justify.

The appellee does not complain of the judgment of the court upon this subject, and we are not therefore called upon to take it into consideration. There is no error in the judgment and it is affirmed.

                                                    AFFIRMED.

[Opinion delivered May 1, 1885.]