## MAYHEW LUMBER CO. v. NASH.
### (No. 7268.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 14, 1925. Rehearing Denied Feb. 11, 1925.)

**1. Limitation of actions ⚖➮127(3) — Amendment of petition to revive former judgment held not to present new cause of action.**

Amendment of petition to revive a judgment on which execution had been issued *held* not to present new cause of action barred by limitations, though original petition was on ground that no execution had been issued, as judgment was the same and same testimony would support allegations of both.

**2. Judgment ⚖➮864(2)—Proper to revive former judgment in name of assignee of judgment creditor.**

It was proper to revive former judgment in name of assignee of judgment creditor, where such creditor had gone out of business.

Appeal from Uvalde County Court; H. C. King, Judge.

Suit by the Mayhew Lumber Company against R. A. Nash. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

Martin & Martin, of Uvalde, for appellant. G. B. Fenley, of Uvalde, for appellee.

COBBS, J. This was a suit, or motion, by appellant to revive a judgment rendered against appellee on the 6th day of December, 1913, for $384, on the ground that it was dormant; no execution having issued within 12 months after its rendition. But execution had issued within 12 months, and was returned "no property found." Said judgment revived the prior judgment which had been rendered on the 28th day of November, 1910.

On the 5th day of June, 1924, appellant, by leave of court, filed its first amended original petition or motion to revive the judgment, alleging it was the sole successor and owner of Mayhew & Isbell Lumber Company and all its properties, and especially of the judgment in question; which amendment and pleading was in lieu of the pleading filed on the 26th day of October, 1923.

Said amended petition alleged that the Mayhew & Isbell Lumber Company had ceased to exist; and that on the 6th day of December, 1913, a new judgment was rendered against R. A. Nash in such revival proceedings in the name of said Mayhew & Isbell Lumber Company, having all the requisites and provisions of a regular judgment, for the sum of $384 and all court costs, there being $11.40 court costs, with 6 per cent. interest per annum from date of same. And in said amendment appellant prayed for judgment in the sum of $384 and 6 per cent. interest from December 6, 1913; the interest due being for 10 years, 5 months, and 29 days, to June 5, 1924, and amounting to $240.

Appellant alleged that at the date of the filing of said amendment, on June 5, 1924, said judgment was a dormant judgment, execution on same having been issued on December 26, 1913, within twelve months of date of rendition, and prayed that said judgment be revived and made new in appellant's right, for said sum of money and 6 per cent. interest from date of judgment and all court costs, and for general and special relief.

Appellee excepted to said petition, or amended motion to revive. The court sustained the general exception of appellee, and appellant refusing to amend, the court dismissed the cause of action.

The question here to be decided is: Is it permissible in law, as appellee presents the proposition, to sue out a writ of scire facias to revive a former judgment of revival, where no execution issued? Execution had been properly issued on the judgment of revival of December 6, 1913; the date of its issuance being December 26, 1913. As much as ten years had elapsed from the date of the said judgment and the issuance of execution, before the filing of the amended petition, and appellant contends on that ground that it is a dormant judgment, subject to be revived.

Appellee contends that under the facts stated a new cause of action was set up which was barred by the statute of limitation of ten years. In support of that contention appellee cites and relies on the case of Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707, which held:

"If the facts alleged in the sixth amended petition do not express substantially the same contract as that set up in the original petition, then the judgment of the court sustaining the exception must be affirmed. It is not sufficient that the causes of action be similar in their nature, but they must be essentially identical. Four tests are laid down by which to determine the identity of causes of action: (1) Would a recovery had upon the original bar a recovery under the amended petition? (2) Would the same evidence support both of the pleadings? (3) Is the measure of damages the same in each case? (4) Are the allegations of each subject to the same defenses? 1 Am. & Eng. Enc. Pl. & Prac. p. 556. We are of opinion that the second and last furnish the best tests by which to determine the matter before us, and we can safely say that if the same testimony would not support the allegations in each of these pleas, and if the same defenses could not be interposed to each of them, they are not identical, and therefore the amended petition presents a new cause of action."

[1] This case does not support appellee's contention. We do not think any new cause

is set up in the amendment. It is the same judgment described in the pleadings, and the same testimony will support the allegations therein. They are identical, and therefore the amendment presents no new cause of action. Anderson v. Boyd, 64 Tex. 108; Burns v. True, 5 Tex. Civ. App. 74, 24 S. W. 338.

[2] We think this new judgment would be both more desirable and more efficacious for appellant, as it embraces all the costs and accumulated interest; and for the additional reason that the corporation of Mayhew & Isbell Lumber Company, in whose name the judgment was rendered, had gone out of business, it was proper to revive it in the name of the assignee. Masterson v. Cundiff, 58 Tex. 472.

We believe the judgment would be more advantageous as revived in the name of the appellant, the true owner, than as it now stands. Under the circumstances in this case, we see no reason for any refusal, for the revival will injure no one and violate no law.

Let the judgment be reversed, and the cause remanded for a new trial. .