L. HARRIS AND OTHERS V. W. P. HARDEMAN AND OTHERS.

The case of Wright v. Daily and others, (26 Tex. R., 730,) cited and approved, so far as the ruling therein relates to the title, or color of title necessary to support the three years limitation.

Where the owner of land sold it to another, but remained in possession of it until his death, his heirs or those claiming under him could derive no title from him by inheritance, but were mere possessors without title, and consequently could not plead the limitations of three or five years.

The case of Harris v. Hardeman, and others, (15 Texas R., 466,) cited and approved.

APPEAL from Gonzales. Tried below before the Hon. Fielding Jones.

Harris v. Hardeman.

This is the second suit brought by the appellants for the land in controversy. Their first suit was brought to this court by appeal, and is reported in 15 Texas R., p. 466, where a statement of the facts may be found.

Upon the trial of this suit, at the Fall Term, 1859, the court charged: "If the jury believe that Gillan sold the land in question in his lifetime, the plaintiffs, claiming as the heirs of Gillan, cannot recover, and you should find for the defendants."

The plaintiffs, as heirs of Michael Gillan, attempted to prescribe under the limitations of three and five years, against the title set up by the defendants.

The jury returned a verdict for the defendants. The plaintiffs moved for a new trial. Motion overruled, and plaintiffs appealed.

*W. Tunstall & Harwood*, for the appellants.

*Stewart*, for the appellees.

BELL, J.—This case was before this court on a former appeal. It will be found reported in the 15th Tex. Rep., page 466.

We are not able to perceive that the questions now presented differ in any material respect from those presented upon the former appeal. The plaintiffs below are the appellants in this court, and their main reliance seems to be upon the statute of limitations. The grant from the government to Michael Gillan, under or from whom the plaintiffs claim, must have been produced in evidence on the first trial in the court below. If so, the question of limitation is presented precisely as it was when the case was formerly before this court. If, however, the grant to Gillan was, for the first time, presented in evidence on the last trial in the court below, as seems to be the statement of the counsel for the appellants, we have to say that the question of limitation as thus presented, was decided by this court during the last term at Tyler, in the case of Wright v. Daily. That was a case in which a grantee of land from the State held over after a sale of the land under execution, and afterwards, in a suit by the purchaser at the sheriff's sale, pleaded the statute of limitations of three years, claiming the

land under the patent to him from the government. It was held, that the sheriff's sale divested the grantee of the title which passed to him by virtue of the patent from the government, and that his possession after the sheriff's sale did not put him in a position to plead the statute of limitation of three years. So in this case, the sale by Gillan to Bateman divested the title of Gillan, and no title could afterwards pass from him by inheritance, and his descendants, or those claiming under him, were consequently possessors of the land without title, and were not in a situation to plead the statute of limitations of three or five years.

The other questions raised by the counsel for the appellants, were settled by this court on the former appeal, or are without merit. There appears to be no error in the judgment, and it is therefore affirmed.

Judgment affirmed.