## T. W. MORRIS ET AL. v. C. J. MEEK ET AL.

(Case No. 3440.)

1. POSSESSION — THREE YEARS' LIMITATION.— It seems that possession, prior to conveyance, by permission of the vendor, but without any binding or written agreement to convey, is the possession of the vendor, and cannot avail to make out the defense of limitation of three years.

2. SAME — TITLE OR COLOR OF TITLE.— It seems also that the defense of three years' possession under title, or color of title, cannot avail defendants claiming under a deed from the surviving wife, qualifying under the statute as survivor of the community, when the plaintiffs claim under a deed from the husband in his life-time.

3. INNOCENT PURCHASER.— A party who in good faith buys from the surviving wife, so qualified under the statute, without notice of the prior sale, and who brings into court the balance of the purchase money remaining unpaid when he first had notice of plaintiffs' claim, will be protected as an innocent purchaser for value.

ERROR from Hood. Tried below before the Hon. A. T. Watts, special judge.

Action of trespass to try title to eight hundred and sixty-nine acres of land in Hood county, brought by T. W. Morris *et al.* against C. J. Meek *et al.* The pleadings of defendants embraced the statute of limitations of three years, and the defense of innocent purchasers for a valuable consideration without notice of plaintiffs' title. Both parties deraigned title under W. P. Rogers as a common source. The plaintiffs' chain consisted of a deed from W. P. Rogers to Willis Randell, October 29, 1856; deed from Willis Randell to Lockington

Randell, May 22, 1859; deed from Lockington Randell to plaintiffs, May 3, 1873. None of these deeds were recorded until the summer of 1873. Col. W. P. Rogers fell in the civil war. His widow, Mrs. Martha L. Rogers, in 1866, filed an inventory and appraisement of the community property, including the land in controversy, the patent and chain of title to her husband being in her possession. In 1863 Meek settled on the land, not knowing to whom it belonged. In 1867 he bought the land at tax sale, and before the two years ran out Mrs. Martha L. Rogers redeemed the land. Finding out in this way who claimed the land, in January, 1870, John Meek went to Corsicana, Texas, where J. L. Holbert, the agent of Mrs. Rogers, being her brother, lived. Holbert agreed that he would sell the land to Meek, or give him the refusal of the land, and told Meek to go home and stay upon the land, and in the spring he (Holbert) would be up and let him (Meek) have the refusal of the land. Holbert did not return until the fall of 1870, and having a power of attorney from Mrs. Rogers, he and Meek traded. On the 14th of November, 1870, Holbert, under the power of attorney, executed a deed to C. J. Meek for the entire tract of land, the terms agreed upon being $2 gold per acre — one-third down, one-third on the 1st day of January, 1872, and the balance of one-third due 1st of January, 1873, with eleven per cent. interest on the last two amounts from date. Before trading Meek examined the records and obtained the opinion of three lawyers at Granberry, Mr. Millwee, Mr. Blue and Mr. Shropshire, as to the title, and they each, after examination of the title papers which Holbert had, pronounced the title perfect. Holbert had with him the patent to the land to Moses Evans, assignee of McGowan, and a deed from the administrator of Moses Evans to Col. W. P. Rogers, and also a copy of the inventory and appraisement of Col. Rogers' estate, showing this land, and showing Mrs. Rogers to be the surviving wife in community, and showing her power to convey. Meek and his lawyers found no claim of record against the land except that of Mrs. Rogers. Meek then traded for the land. He paid $579 33-100 gold down, and executed his negotiable promissory notes due as above stated for the balance of the purchase money. The note that first fell due was paid off promptly and interest according to contract, and $300 was paid by Meek on the last note before he ever heard of any claim against his title, leaving a balance due upon the land still of $272 33-100, for which Meek's negotiable promissory note was out at the institution of this suit. Meek tendered this amount in open court.

The trial resulted in a verdict and judgment for defendants.

*T. J. Duke* and *T. T. Ewell*, for plaintiffs in error.

*Hood & McCall*, for defendants in error.

DELANY, J. COM. APP.— Although the assignments of error, if we include the subdivisions, number nearly forty, we need notice only two. One of these relates to the plea of limitations set up by defendants; the other to their plea of purchase for a valuable consideration, and without notice of the claim of plaintiffs. The first plea presented the limitation of three years, and the court gave it in charge to the jury.

We incline to the opinion that this charge should not have been given. The deed to C. J. Meek bears date November 14, 1870. His possession prior to that time must be considered the possession of Mrs. Rogers. The suit was filed October 18, 1873. Three years had not elapsed between the date of the deed and the commencement of the suit. Harris *v.* Hardeman, 27 Tex., 248; Wright *v.* Daily, 26 Tex., 730. If the title of defendants in error rested on this plea, this error would require the reversal of the judgment. But we do not regard it as material. The defendants below did not need this defense. He who has a good title has no occasion to rely on a plea of limitation. The defendants rested their defense upon their plea of purchase for a valuable consideration without notice of the claim of plaintiffs. And we think the defense fully sustained by the evidence. In the whole record of more than a hundred and sixty pages, there is not the slightest circumstance indicating any want of good faith, or even of prudent caution, upon the part of the defendants. But the grossest negligence is manifest upon the part of the plaintiffs and those under whom they claim. Some seventeen years after their purchase, without having in the meantime done any act or uttered a word to give notice of their claim, they come forward in an action of trespass to try title, and demand this land with its accumulated improvements. They admit that if the defendants had purchased from the original vendor, W. P. Rogers, their title would have been good as against the unrecorded title of plaintiffs. But as the second purchase was from the surviving wife, they insist that their unrecorded title must prevail, relying on Rodgers *v.* Buchanan, 34 Tex., 441. Since the trial of this cause, the doctrine of that case has been overruled in the case of Taylor *v.* Harrison, 47 Tex., 454. We do not think the fact that a small balance of the purchase money ($272.33) remained unpaid can alter the case. The note was outstanding, and the defendants brought the

money into court. Plaintiffs would have the land or nothing, and we do not think they ought to have the land.

Our opinion is that the judgment should be affirmed.

AFFIRMED.

[Opinion delivered June 22, 1882.]