Bailey and Walker v. J. M. Laws et al.

No. 495.

1. **Judgment Conclusive of Title—Partition and Writ of Posses-sion not Essential, when.**—In a suit of trespass to try title by L., against W. as defendant and M. as intervenor, W. recovered 200 acres of the land, M. the remaining 420 acres, and plaintiff nothing; the judgment reciting that should W. and M. fail to designate the boundaries, or have surveyed by agreement the 200 acres adjudged to W. within one month from adjournment of court, "then —— are hereby appointed commissioners of partition to allot said 200 acres to W., and report their action to the next term of this court." No division was made by agreement, and no commissioners were appointed to make it, nor was any writ of possession issued. Within the two years allowed for suing out writ of error, plaintiff L. compromised with M., each to take one-half (undivided) of the 420 acres adjudged to M., who afterwards conveyed his interest to B. and to other parties. W. having died, L. filed suit for partition more than three years after the judgment, asking that it be carried out and his 210 acres set apart to him, to which B. and W. answered, claiming all the land, and setting up the three, five, and ten years limitations. *Held,* that the judgment in the former suit was a final adjudication of the title, conclusive as between all parties thereto and those claiming under them.

2. **Same—Limitations not Available Against Judgment, when.**—The judgment in the former suit cancelled all claims by virtue of possession prior thereto, and such possession could not, in the second suit, be tacked to possession since the judgment so as to support any of the defendants' pleas of limitations therein.

3. **Change in Form of Action Does not Affect Limitations, when.** Plaintiff L. having changed the form of his second action from one of partition to one of trespass to try title and partition, but recognizing the rights of the parties to be the same as alleged in his original petition, there was no such change as would prevent the original petition from having the effect to stop the running of the statute of limitations.

4. **Parties—Purchaser Pendente Lite.**—It was immaterial that plaintiff L., after the institution of the second suit, had conveyed his interest in the land to another person, since a purchaser pendente lite need not be made a party to the record.

5. **Same.**—Nor was it material that L., prior to the judgment in the original suit, had conveyed his interest to one C., since his subsequent compromise with M. reinvested him with sufficient title to maintain this suit.

6. **Deposition—Data to Refresh Memory of Witness.**—The court correctly refused to exclude a deposition because a letter by which the witness refreshed his memory as to a date was not attached thereto, the witness not having been asked to attach the letter, and no effort having been made to quash the deposition before entering into trial.

7. **Parol Evidence Contradicting Deed Admissible to Show Notice.**—M., after his compromise with L., conveyed to S. and J. one-half of his then interest, and by a later deed conveyed to B. "all the undivided right and title that was decreed" to him in the judgment, without allusion to the compromise, or his conveyance to B. *Held,* that M. was properly permitted to testify that at the time he conveyed to B., he informed B. of the compromise, and of his deed to S. and J.

**8. Proof where Title is Specially Pleaded—Common Source.—**A party in trespass to try title can not introduce another and different title to that specially pleaded by him, but he is not required to introduce all the links set forth in his plea, if he can show a better title than his adversary by introducing only a part of them, including a common source.

**9. Partition — Adjustment of Taxes and Rents Between Cotenants.—**Where, in partition, a joint owner who has had possession of the entire premises, asks contribution from a cotenant for taxes paid, this should be allowed only upon an adjustment of the equities between them as to both rents and taxes, and such adjustment may be had when the report of the commissioners of partition is filed for confirmation in the trial court.

APPEAL from Tarrant. Tried below before R. P. Willing, Esq., Special Judge.

*Hunter, Stewart & Dunklin,* for appellants.—1. If Bailey and Walker, and those under whom they deraign their title, had had and held continuous, peaceable, uninterrupted, and adverse possession of the lands under a regular chain of title, or a consecutive chain of title, back to the State of Texas, or under deeds duly registered, and paid all taxes thereon for more than five years, or such possession without any written title, but with adverse claim, for more than ten years, their title would be complete and perfect against all persons, by whatever title such persons might claim; and the fact that the plaintiff in this case claimed title through the judgment in cause number 1048, rendered on the 14th day of January, 1882, to which said appellants were parties and privies, would make no difference, unless it was shown that said judgment was carried into effect by final process, putting the parties in possession thereunder and ousting the defendants of possession. Abandoning one suit and bringing new one does not interrupt the statute of limitation, until new suit is filed. Connoly v. Hammond, 58 Texas, 11; Shields v. Boone, 22 Texas, 193; Flanagan v. Pearson, 61 Texas, 302; Chambers v. Shaw, 23 Texas, 169; Hughes v. Lane, 25 Texas, 365; Bigham v. Talbot, 63 Texas, 271; Richards v. Ins. Co., 8 Cranch, 84.

2. If the evidence on the trial shows that at the date of the institution of this suit, or at the date the action was changed to one of trespass to try title, the plaintiff was not the owner of the lands sued for, the defendants would be entitled to a verdict. The real owners have no right to bring a suit in the name of a former owner who had parted with all his title before the institution of the suit, or before the action was changed to one of trespass to try title; and the objection is not matter to be pleaded in abatement, but may be proven under the general issue, as it is clearly in bar of plaintiff's right to recover at any time. Hooper v. Hall, 30 Texas, 156; Birmingham v. Griffin, 42 Texas, 148.

3. The court erred in refusing to exclude from the jury the deposition of J. J. Jarvis, because the letter by which his memory was refreshed,

and upon which his evidence was based, was not attached to said deposition nor produced and identified by the plaintiff.    1 Greenl. Ev., secs. 436, 437.

4. In an action to recover land, it is not necessary in this State for the plaintiff or claimant of the land to set out specially the chain of title under which he claims; but if he does so, he must recover, if at all, by proving the very title set forth in his pleading, and if he fails to prove that title, he must lose.    Hughes v. Lane, 6 Texas, 289; Montgomery v. Carlton, 56 Texas, 361.

*H. M. Chapman* and *J. W. Ferris,* for appellee J. M. Laws.—1. The decree of the court rendered in the case of Laws v. Walker et al., on the 14th day of January, 1882, adjudging the title to the land in controversy in this suit to the intervenor Marshall, was res adjudicata, and a final determination of the title and of the right of possession, and is binding upon all the parties to the suit and all persons claiming under them; and evidence in a suit between the same parties or their privies reaching behind such judgment and relating to the same subject matter is inadmissible.    Crane v. Blum, 56 Texas, 325.

2. The said judgment was for an undivided interest in the land, contemplating a partition to be made thereafter, and until such partition is made no writ of possession could issue; and possession taken or held by one or more of the parties or their assignees would not be an adverse possession, as required by the statute, but would be a holding for themselves and in trust for their cotenants under the judgment until the making of partition.    Freem. on Coten., 2 ed., secs. 166, 167, 229.

3. The testimony of Spartan G. Marshall was not introduced for the purpose of contradicting the deed made by him to Robert Bailey, but for the purpose of showing that said Bailey, at the time of his purchase, had actual notice of the compromise agreement made before that time by the witness with plaintiff Laws, which was then unrecorded; and that he, Marshall, had only an interest of 105 acres to convey.

4. It is facts which make the cause of action, not the form; and a change in the form of action is not changing the cause of action. To enlarge the cause of action is not the bringing of a new suit; it is sufficient if a part of the cause of action is retained in the amended petition.    Lee v. Boutwell, 44 Texas, 153; Hollis v. Chapman, 36 Texas, 2; Johns v. Northcutt, 49 Texas, 444; Thouvenin v. Lea, 26 Texas, 614; Bigham v. Talbot, 63 Texas, 273.

*R. M. Wynne* and *A. M. Carter,* for appellees Smith & Jarvis.— 1. The judgment rendered in cause number 1048, J. M. Laws v. A. G. Walker, Sr., et al., was a final judgment, and as between all parties and privies

to that judgment conclusive as to the title to the land in contest. Freem. on Judg., sec. 249.

2. The court did not err in allowing J. J. Jarvis to refresh his memory as to a date by testifying it was prior to the date of a certain letter, and that he had said letter before him when giving his depositions. 1 Greenl. on Ev., 14 ed., note d, p. 524, and sec. 437; 1 Whart. on Ev., 3 ed., 500; Hamilton v. Rice, 15 Texas, 383.

3. James Marshall having in his lifetime conveyed to Smith & Jarvis an undivided one-half interest in the land in contest, the defendants could not avail themselves of the three years statute of limitations·under a deed made by his executors. Paxton v. Meyer, 67 Texas, 100; Brownson v. Scanlan, 59 Texas, 222; Long v. Brenneman, 59 Texas, 210; Wright v. Daily, 26 Texas, 730; Harris v. Hardeman, 27 Texas, 249; Veramendi v. Hutchins, 48 Texas, 531; Bell v. Schwarz, 56 Texas, 353.

HEAD, Associate Justice.—The land in controversy is 222 acres out of the E. S. Carver survey, 250 acres out of the L. C. Walker survey, and 160 acres out of the D. C. Manning survey, all lying adjacent to each other. On January 14, 1882, a suit was pending in the District Court of Tarrant County, in which J. M. Laws was plaintiff, A. G. Walker, Sr., A. G. Walker, Jr., Eliza Hedges, wife of Aaron Hedges; William W. Walker, a minor; Mary Calloway, wife of Leander Calloway; and E. A. Walker, wife of John G. Walker, deceased, were defendants, and Spartan G. Marshall, executor of James Marshall, deceased, was intervenor. In that suit the land in controversy was the subject matter of the litigation, and on the date above named judgment was rendered in favor of the intervenor, Marshall, for 440 acres of the land, and in favor of the defendant A. G. Walker, Sr., for the remaining 200 acres as his homestead. In this judgment it is decreed, that "should the said A. G. Walker, Sr., and the said intervenor fail to designate the boundaries, or have surveyed by agreement the homestead of 200 acres as aforesaid within one month after the adjournment of this court, then ———— are hereby appointed commissioners of partition to allot 200 acres of said land, including the improvements thereon, to the said A. G. Walker, Sr., as his homestead, and report their action under oath to the next term of this court." The plaintiff, J. M. Laws, and the other parties to said suit were decreed to take nothing.

Before the time for prosecuting a writ of error from this judgment had expired, the following agreement was entered into by some of the parties:

"*J. M. Laws, by Agent, to S. G. Marshall, by Attorneys.—Compromise.— The State of Texas, County of Tarrant.*—Whereas, in the case of J. M. Laws v. A. G. Walker, Sr., et al., S. G. Marshall, intervenor, number 1048, in the District Court of Tarrant County, the said intervenor recovered judgment for 420 acres of land, more or less, described in plaintiff's peti-

tion, less 200 acres, the homestead of A. G. Walker, Sr., dated January 14, 1882, and the said plaintiff has two years by law from date of judgment to prosecute a writ of error to the Supreme Court; and whereas, the plaintiff and intervenor desire to end the litigation between them by compromise and final settlement; therefore this agreement witnesseth, that so soon as the homestead of A. G. Walker, Sr., consisting of 200 acres, shall have been designated and set apart to him under the said judgment, an equal division of the remainder of the land described in said judgment, consisting of 420 acres, more or less, shall be made between the plaintiff Laws and intervenor Marshall, equal in value as near as may be. And should they fail to agree on the division, then the same shall be made by three disinterested arbitrators, each party selecting one, and the two arbitrators the third. And after partition, the proper deeds of relinquishment shall be made to each party, which shall be a final settlement of the matters in dispute.

"Witness our hands, this June 8, 1882.

> "J. M. LAWS, by J. W. FERRIS, Agent,
> "S. G. MARSHALL,
> "SMITH & JARVIS, Attorneys for S. G. Marshall."

After the execution of this agreement, Marshall conveyed to his attorneys, Smith & Jarvis (defendants in this suit), one-half of his interest in the land, which would be one-fourth of the 440 acres. On the —— day of May, 1883, after the compromise and the conveyance from Marshall to Smith & Jarvis above referred to, Marshall conveyed to Robert Bailey "all the undivided right, title, interest, and claim that was decreed to the heirs of James Marshall in cause number 1048, J. M. Laws v. A. G. Walker et al., and Spartan G. Marshall, intervenor, in the District Court of Tarrant County, Texas, embracing the following tracts or parcels of land," and described the three tracts by metes and bounds, and nowhere alluded in the deed to his having compromised the judgment, or made a conveyance of any part of the land to either Laws or Smith & Jarvis. The evidence, however, amply sustains the finding of the jury, that at the time of this conveyance Bailey had notice both of the compromise with Laws and of Smith & Jarvis' interest from Marshall, and that it was the intention of this deed to convey only the interest that Marshall then had in the 440 acres decreed to him as aforesaid.

A. G. Walker, Sr., to whom the 200 acre homestead was decreed, having died before it was partitioned to him, this suit was instituted on the 9th of March, 1885, by J. M. Laws, as plaintiff, against the other parties herein, as defendants. The petition recognized the right of the Walker heirs to the 200 acres homestead; also the right of Smith & Jarvis to one-fourth, and of Robert Bailey to one-fourth, and alleged ownership in plaintiff to the other one-half of the remainder, after deducting the 200

acres, and asked that commissioners be appointed to make partition in this way. Smith & Jarvis concurred with the plaintiff in his statement of the rights of the parties, but the defendants Bailey and Walker claimed to be the owners of all the land by reason of Bailey's purchase from Marshall and the decree in favor of the Walker heirs for the 200 acres. It seems that after Bailey purchased from Marshall, he and Walker had a division of all the land, each receiving one-half by metes and bounds. Bailey claimed to have been an innocent purchaser for value from Marshall, and Walker claimed to be an innocent purchaser from Bailey, and also claimed the right to share Bailey's innocence, even though he may have had notice himself. They also claimed under the three, five, and ten years statutes of limitation.

On December 13, 1886, plaintiff changed the form of his petition to that of an action of trespass to try title, including a prayer for partition.

On February 18, 1889, plaintiff again amended, continuing the form of his action as one to try title, with prayer for partition, but recognizing the rights of the parties to be the same as alleged in the original.

On July 1, 1885, the plaintiff, Laws, conveyed all his interest in the land to John H. Cole and J. W. Ferris, Cole to have two-thirds and Ferris one-third.

On October 18, 1890, a trial before a jury resulted in the following verdict:

"We, the jury, find for plaintiffs as herein after described. We award to J. M. Laws, plaintiff, 210 acres of the land in controversy, and to Smith & Jarvis 105 acres of said land; A. G. Walker to hold the 200 acres homestead allotted him in judgment 1048, and Robert Bailey the remaining 105 acres; and we agree that said Bailey's 105 acres be given him so that it cover all of the improvements he has put on said lands, if possible to so apportion his said interest without serious detriment to the value of the remainder of said tract apportioned to plaintiff and to Smith & Jarvis; and that when said lands are partitioned or divided, if any improvements are placed on the land allotted to plaintiff or to Smith & Jarvis, that said plaintiff or Smith & Jarvis pay for said improvements and refund their pro rata of all taxes that may have been paid by any party other than themselves, to whoever paid, said taxes from May 14, 1883, to this date; and further, that the court appoint a commission of three householders in Tarrant County, Texas, to apportion said lands and assess the value of improvements as mentioned above. This October 18, 1890.

"W. C. French, Foreman."

Upon this verdict a decree was entered, adjudging the rights of the parties as therein set forth and appointing commissioners to make the partition, from which this appeal is prosecuted. A. G. Walker, Sr., and those claiming under him held possession of the land continuously since

about 1853, no writ of possession having been issued upon the judgment rendered in January, 1882.

*Opinion.*—The judgment rendered on the 14th of January, 1882, was an adjudication of the title of the parties to the land in controversy at that date.   No writ of possession could have issued upon this judgment until the partition ordered therein was made.   Walker having died before this was done, and no commissioners having been named to make the partition, this suit was instituted to accomplish this.   The judgment was, however, final as an adjudication of the title to the land, from which an appeal could have been prosecuted.   White v. Mitchell, 60 Texas, 164.

This being the nature of the judgment, we think the three years statute of limitation no longer had application.   In Wright v. Daly, 26 Texas, 730; Harris v. Hardeman, 27 Texas, 248; Spring v. Eisenach, 51 Texas, 435; Long v. Brennerman, 59 Texas, 211; Paxton v. Meyer, 67 Texas, 96; Snowden v. Rush, 69 Texas, 593; Blum v. Rogers. 71 Texas, 677, and Grigsby v. May, 84 Texas, 254, it is held, that after a sale of the land by the owner, neither he nor those claiming under him can prescribe under the three years statute.   After such sale he no longer has title or color of title within the meaning of the law.   We think the same effect should be attributed to this decree.   After its rendition neither A. G. Walker nor his heirs could be said to have either title or color of title from the sovereignty of the soil to the 440 acres of which they were thereby divested.   We are also of opinion, that any right the parties to that judgment may have acquired by reason of their possession prior to its rendition was thereby cancelled, in so far as it could be used against the successful party therein or those claiming under him, and that such possession can not be tacked to their possession since the judgment, to complete the time required by either of the statutes.   If we are correct in this conclusion, we need not have considered the question as to whether or not the change in the form of plaintiff's suit, from one of " partition " to " trespass to try title and partition," was the institution of a new suit within the meaning of the law; but we have considered it, and are clearly of the opinion that there was no such change in the cause of action asserted in the two petitions as would prevent the first from having the effect to stop the running of the statute.

What we have said shows that we are of opinion the court committed no error in excluding the tax deeds under which A. G. Walker, Jr., claimed.   These bore date long previous to the decree of January 14, 1882, and he was a party to that judgment.

The court did not err in excluding from the jury the deposition of J. M. Laws, to show that previous to the rendition of the decree of January 14, 1882, he had conveyed all his interest in the land to John H. Cole. Laws' title prior to this decree is not important in this case, as the com-

promise agreement with Marshall reinvested him with sufficient title to maintain this suit, even though he had previously parted with it.

There was also no error in the action of the court in holding that the deed from Laws to Cole and Ferris, in July, 1885, would not prevent his recovering. We have already held that the filing of the amended petition in December, 1886, was not the institution of a new suit; and if we are correct in this, it was entirely proper that the proceeding be continued in the name of the original parties until its final termination. A purchaser pendente lite need not be made a party to the record. Lee v. Salinas, 15 Texas, 495.

The court did not err in refusing to exclude from the jury the deposition of J. J. Jarvis, because the letter by which he refreshed his memory was not attached. The only use made of this letter by the witness was to refresh his memory as to the date of the transaction about which he was testifying, and he distinctly says the letter "called to his mind the date," and not that he remembers writing the letter and knew at the time it was dated correctly. Mr. Greenleaf says: "The cases in which such writings are proper to be used may be divided into three classes: (1) Where the writing is used only for the purpose of assisting the memory of the witness. In this case it does not seem necessary that the writing should be produced in court, though its absence may afford a matter of observation to the jury, for the witness at last testifies from his own recollection." 1 Greenl. on Ev., sec. 437. The witness was not asked to attach the letter in the interrogatories, nor was any effort made to quash the deposition before entering into the trial. The objection was not made until the deposition was read, and the court was then asked to exclude it.

The court did not err in permitting the witness Spartan G. Marshall to testify to the conversation between him and Robert Bailey at the time of the sale of the land to him. This evidence was correctly admitted to show notice to Bailey, at the time he made the purchase, of the previous compromise between Marshall and Laws, and of the conveyance from Marshall to Smith & Jarvis.

We think the charge of the court was full and clear upon the different phases of the rights of Bailey and Walker as innocent purchasers under Marshall, and there was no error in refusing the special charges requested by them upon this branch of the case.

The court did not err in refusing to instruct the jury to find against Smith & Jarvis because they had not introduced their entire title as set up in their pleading. The judgment of January 14, 1882, was the common source of title of all the parties, and they were not required to go further than this. A party to a suit of trespass to try title can not introduce another and different title to that specially pleaded by him, but he is not required to introduce all of the links set forth in his plea, if he

can show a better title than his adversary by introducing only a part of them.

We have had considerable difficulty in arriving at a satisfactory conclusion as to the rights of the parties in respect to the taxes paid by the defendants Bailey and Walker. It seems that they have paid the taxes upon all the land for a series of years, and in their answer they seek contribution in case they lose the land. Where one cotenant removes an encumbrance, such as a tax lien, upon the whole land, it would seem clear upon principles of equity that he should be subrogated to such lien to secure contribution from his cotenant for his share. Freem. on Coten. and Part., 263. It seems, however, in this case, that during the years the defendants paid these taxes they had possession and the use of the entire land; and while it is true one tenant can not be made to pay his cotenant rent where he has actually occupied the land himself until demand and refusal of joint occupancy (Thompson v. Jones, 77 Texas, 626), yet we believe that when he has had possession of the entire premises and asks that his cotenant be made to pay a part of the taxes, this should only be allowed upon an adjustment of the equities between them, and that this can be done when the report of the commissioners is returned, and it is known what part, if any, of the improvements these defendants lose.

We will therefore order that the judgment of the court below be affirmed, but that this in no way prejudice the rights of the parties to have the equities between them growing out of the improvements made and taxes paid by the defendants adjusted when the report of the commissioners is filed for confirmation in pursuance of the decree rendered in the court below.

*Affirmed.*

Delivered June 21, 1893.