## GILLEY v. PENNINGTON.    (No. 2567.)

(Court of Civil Appeals of Texas. Texarkana. May 4, 1922.)

1. **Damages** ⬅️142 — **Damages not naturally arising from breach or reasonably contemplated cannot be recovered, without allegation and proof of knowledge of special circumstances.**

Damages not naturally arising from a breach of contract, or not reasonably contemplated by the parties as likely to arise therefrom cannot be recovered, without allegation and proof of knowledge by the party breaking it of the special circumstances producing such damages.

2. **Landlord and tenant** ⬅️22(5)—**For lessor's breach of contract to rent farm, lessee cannot recover bonus paid for another farm, or difference between rental values, without proof that lessor knew of special circumstances.**

For lessor's breach of a contract to rent a farm, lessee may recover for time consumed in finding another farm, and possibly the additional expense incurred in moving thereto, as lessor should have contemplated such damages; but he cannot recover a bonus paid therefor, or the difference between its rental value and that of the farm contracted for, without alle-

gation and proof that lessor knew of the special circumstances causing such damages.

Appeal from Grayson County Court; Dayton B. Steed, Judge.

Action by W. H. Gilley against Frank M. Pennington, in which defendant set up a cross-action. From a judgment for plaintiff on his cause of action, and for defendant on his cross-action, in equal amounts, plaintiff appeals. Reversed as to defendant's cross-action, and cause remanded.

By his suit against appellee, appellant sought to recover possession of two horses he delivered to appellee, or, in the alternative, their value, which he alleged to be $300. By a cross-action appellee set up a contract by which, he alleged, appellant rented certain land to him, which contract, he averred, appellant breached, to his (appellee's) damage in particulars specified, in sums aggregating $550. Appellee further alleged that the value of the horses appellant sued for was only $225, and prayed that that much of the damages he was entitled to recover be set off against the recovery appellant was entitled to against him, and that he have judgment against appellant for the $325 thereof remaining. The existence of a right in appellee to set off the damage he claimed against the recovery appellant sought was not questioned by the latter in the court below, and is not questioned here. The trial resulted in a judgment, based on the verdict of a jury, in appellant's favor against appellee for $225 as the value of the horses, and in appellee's favor against appellant for $225 as the damages he was entitled to recover for a breach of the alleged rental contract. There was testimony that, as a result of appellant's breach of the rental contract, appellee was compelled to devote several days to finding another place to move to, that when he found a place he had to pay the lessee thereof a "bonus" of $150 to secure it, that the place he secured was worth less than the place he rented of appellant, and that the expense of moving to the place he secured was greater than it would have been to move to the land appellant agreed to let him have. The $225 damages awarded appellee was on account of the matters just stated.

It appears in the record that appellant owned 119 acres of land, 64 of which, prior to October, 1920, he rented to one Haggard for the year 1921. In October, 1920, appellant entered into a contract with one Morris by which a deed he then executed, conveying the 119 acres to Morris, was to be delivered to the latter, and become effective January 1, 1921, on conditions not necessary to state. By the terms of said contract, if the deed was delivered, so as to pass title to Morris, he was to rent the 119 acres for the year 1921 to appellant, who was to carry out the contract he made with Haggard. November 1, 1920, appellant and appellee entered into a contract by which the former rented to the latter for the year 1921 the part of the 119 acres not leased to Haggard. Appellant claimed that his agreement with appellee was not to be effective, unless it was approved by Morris, and, Morris having disapproved it, that the contract never became effective. Appellee claimed the agreement was not so conditioned, and the jury found in accordance with his claim. At the time the contract was made, and as a part of it, appellee claimed, appellant sold and delivered the two horses to appellee, who was to pay $325 therefor and for plowing done by appellant on the land. Appellant contended that appellee was to pay him $300 for the horses and $25 for the plowing, while appellee contended he was to pay $225 for the horses and $100 for the plowing. The jury determined the dispute in appellee's favor.

Webb & Webb, of Sherman, for appellant.
G. C. Harney and McReynolds & Hay, all of Sherman, for appellee.

WILLSON, C. J. (after stating the facts as above). The damages which appellee by the allegations in his answer sought to recover, and did recover, of appellant on account of the breach by the latter of the contract between them, were for (1) time appellee consumed in finding another farm to move to; (2) expense he incurred in having to pay a sum as a "bonus" for the farm he secured; (3) expense he incurred in moving to the place he secured in excess of that he would have incurred in removing to the place he rented of appellant; and (4) a sum representing the value of the place appellant rented to him above the value of the place he secured. Appellant, by exceptions, questioned the sufficiency of the allegations in the answer to show a liability on his part for the damages claimed, on the ground that same were special, and it did not appear from said allegations that he knew at the time he entered into the contract that such damages would accrue to appellee from a breach thereof as charged against him. The court overruled the exceptions, and his action in doing so is attacked by appellant as erroneous.

[1] Appellee, without alleging such knowledge on the part of appellant, was entitled to recover, if appellant breached the contract, such damages as might—

"fairly and reasonably be considered as arising naturally—that is, according to the usual course of things—from such breach of contract itself, or such as might reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach of it." 1 Suth. on Dam. § 50.

But he was not entitled to recover damages not naturally arising, or not reasonably contemplated by him and appellant, at the time they entered into the contract, as likely to arise from a breach of it, without alleging and proving knowledge on the part of appellant of the special circumstances producing such damages. 17 Cyc. 746.

[2] Applying the rules stated to the damages claimed and recovered by appellee, we think the trial court did not err when he overruled the exception to the allegations seeking a recovery on account of time consumed by appellee in finding another farm, and are inclined to think the exception questioning appellee's right to recover anything on account of expense he incurred in moving to the place he secured, in excess of that he would have incurred in moving to the place he rented of appellant, also should have been overruled. Reasonably, we think, appellant should have contemplated, when he entered into the contract, that if he breached it appellee would lose time in finding and securing another place, and that he might incur a greater expense in moving to the place he secured than he would incur in moving to the one covered by the contract. But it is clear, we think, that if appellee in any event would be entitled to recover anything on account of the sum he paid as a "bonus" for the farm he secured, or on account of the difference between the rental value of that farm and the one appellant rented to him, it would only be after he had alleged and proved knowledge on the part of appellant of the special circumstances with reference to those matters which made the payment of a bonus necessary, and which prevented him from securing a place as valuable as the one appellant agreed to let him have. As appellee neither alleged nor proved that appellant had knowledge of such circumstances, the judgment is erroneous, so far as it was for such damages.

Therefore it will be reversed, and the cause will be remanded to the court below for a new trial.