**BLOCKSOM et al. v. GUARANTY STATE BANK & TRUST CO. et al.**
(No. 433–3803.)

(Commission of Appeals of Texas, Section A. May 30, 1923.)

**1. Set-off and counterclaim ☞28(1)—Defendants in suit on note and to foreclose mortgage held entitled to set off demands against mortgagee for injury and waste to property after taking possession under mortgage.**

Where defendants gave their note to a bank, the proceeds of which they used to purchase equipment for the use of an oil company in which they were stockholders, taking title in themselves, and to secure the note they gave the bank a mortgage covering the equipment, in a suit on the note and to foreclose the mort: gage, defendants could under Rev. St. art. 1330, set off a demand against the bank for injuries and waste to the property,after taking possession under the mortgage.

**2. Appeal and error ☞274(1)—Court on appeal should not uphold overruled exception to pleading on grounds not embraced in exception.**

Where plaintiff's special exception to defendant's set-off as not arising out of the same cause of action was overruled, and error assigned, the Court of Civil Appeals erred in overruling said assignment of error on grounds not embraced in the exception, the sustaining of which is complained of by such assignment.

**3. Principal and surety ☞12 — Relation of principal and surety held to exist between oil company and makers of note for benefit thereof.**

Where the stockholders of an oil company gave their individual note to a bank, and turned the proceeds over to the oil company for its use in the purchase of casing and supplies, and such property was mingled with the property of the oil company on the lease, and the oil company assumed the note and agreed to pay it, the makers of the note occupied the position of sureties, and the oil company that of principal, with reference to the debt evidenced by the note.

**4. Principal and surety ☞115(2)—Failure of mortgagee taking possession under bill of sale to exercise reasonable care to prevent waste discharges sureties on note to extent of reasonable value of waste.**

Where an oil company gave a bank a bill of sale of all its properties on a lease to secure a note given by the individual stockholders of the company, and permitted the bank to take possession of the property for the pur-

pose of disposing of it in satisfaction of its debts, it became the duty of the bank to exercise ordinary care to secure and preserve the property from waste, injury, or loss; and, if the bank failed to discharge such duty, and as a result any of the property was wasted, lost, or destroyed, the sureties on the note secured by the bill of sale were entitled to be discharged from liability to the extent of the reasonable value of waste.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by the Guaranty State Bank & Trust Company against W. A. Blocksom, Fred C. Pearce, and Wilkie Carter. From a judgment .for plaintiff against defendants, and for defendant Carter on his cross-petition, defendants Blocksom and Pearce appealed to the Civil Court of Appeals, which reformed and affirmed the judgment (241 S. W. 315), from which defendants Blocksom and Pearce bring error. Judgment of Civil Court of Appeals and the trial court reversed, and cause remanded for another trial.

Harrison, Cavin & Key, of Eastland, for plaintiffs in error.

Scott, Brelsford, Fundeburk & Ferrell, of Eastland, for defendants in error.

GALLAGHER, P. J. The Guaranty State Bank & Trust Company, defendant in error, brought suit against W. R. Blocksom and Fred C. Pearce, plaintiffs in error, and Wilkie Carter, one of the defendants in error, on a note payable to it and signed by said parties. Said note was in the principal sum of $9,350. It was given in renewal of a former note executed by said parties to said bank in the principal sum of $9,000. The additional sum of $350 included therein was unpaid interest on the ' original note. The makers of said note were all interested in the Rosedale Oil Company, a common-law trust. Said company was drilling for oil on a tract of land designated as the Goodman lease. It had valuable properties incident to said work assembled thereon. Said oil company owed said bank a note for the principal sum of $12,500, which was the limit which banking laws 'permitted the bank to lend to one borrower. It needed more money, and, in order to secure the same, Blocksom, Pearce, and Carter executed and delivered to the bank said original $9,000 note, and deposited the proceeds of the same in the bank to its credit. It seems this procedure was suggested by the bank. The purpose in securing this money was to enable the oil company to purchase some casing and other supplies necessary in the prosecution of its work. It purchased such casing and supplies, and paid therefor the sum of $19,000; $9,000 of such purchase money was the proceeds of said note, turned over to it by the makers thereof, as aforesaid. The oil

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

company caused a bill of sale to said casing and supplies to be made to the makers of said note, and they executed and delivered to the bank a chattel mortgage thereon with power of seizure and sale to secure the same. The bank held a mortgage on all the other property of the oil company to secure its $12,500 note. It was agreed by Blocksom, Pearce, and Carter on the one hand and the Rosedale Oil Company on the other that it should assume and pay the $9,000 note, and should use the casing and other supplies purchased in part by the proceeds thereof. Subsequently Carter sold his interest in the oil company to Blocksom and Pearce, and they agreed to protect him from liability on said note. There is no contention that the entire situation was not known to the bank and consented to or acquiesced in by it.

It appears that a few months later Rosedale Oil Company was no longer able to meet its current obligations, and the bank insisted that 'it liquidate. To aid in accomplishing this purpose the bank demanded and the oil company gave to it a bill of sale to all its properties on the Goodman lease, which properties were alleged to be of the value of $50,000. This bill of sale included the casing and other supplies purchased in part by the proceeds of the original $9,000 note, and upon which the bank still held a mortgage to secure such note. Neither Blocksom nor Pearce joined in the execution of this bill of sale, but they knew of its execution and delivery, and consented to or acquiesced in the same. The bank, shortly after receiving such bill of sale, took charge of the properties and disposed of the same, and applied the proceeds toward the discharge of the obligations of the oil company held by it, including the note sued on. It claimed that it made an equitable distribution of the proceeds of sale between said $12,500 note of the oil company and the $9,350 note sued on. As a result of such distribution the note sued on was credited with $5,694.70. The other note was subsequently fully satisfied; but the record does not disclose how this was done, other than by crediting thereon a part of the proceeds of the sale of the properties covered by said bill of sale.

A trial was had before the court, and resulted in a judgment in favor of the bank against W. R. Blocksom, Fred C. Pearce, and Wilkie Carter for the balance due on said note in the sum of $4,399.60, and for foreclosure of lien on said casing and supplies embraced in their mortgage to secure the same, except such part of such casing and supplies as had theretofore been sold and the proceeds paid to said bank. Judgment was also rendered in favor of Wilkie Carter against W. R. Blocksom and Fred C. Pearce for such amount as he might be compelled to pay to plaintiff on such judgment. Blocksom and Pearce appealed. The Court

of Civil Appeals reformed the judgment of the trial court by allowing two credits claimed by Blocksom and Pearce in the aggregate sum of $590, and, after deducting the same from the judgment rendered by the trial court, affirmed said judgment as so reformed. (Tex. Civ. App.) 241 S. W. 315. Blocksom and Pearce applied for writ of error, which was granted by the Supreme Court.

The pleadings of plaintiffs in error were lengthy, and we do not deem it necessary to copy the same here. They pleaded the facts substantially as above set out, except as to some minor details. They denied the right of the bank to seize and sell said property, and pleaded in the alternative, in event it should be held that the bank had the right to seize and sell the same, the following defenses:

(a) They alleged that the bank endeavored to pull the said casing from the well, and that in doing so it negligently jerked the same in two, so that about 1,800 feet of the same were left in the well, and were thereby rendered worthless, and that the reasonable value of the same was the sum of $10,000, and that but for such negligence such casing would not have been damaged or destroyed. They alleged that they and the Rosedale Oil Company were entitled to a credit on the note sued on for the value of said casing.

(b) They further alleged that the bank permitted a part of the property taken possession of by it to be wasted and lost, and that they were on that account entitled to credit on the note sued on for the value of the property so permitted to be wasted and lost.

The bank, by a supplemental petition, excepted to said defenses on the ground that its cause of action was founded on a liquidated and certain demand, and that the claims so asserted by plaintiffs in error were founded on unliquidated and uncertain demands, and that such claims did not grow out of the same transaction, and were not incident to nor connected with its cause of action. The trial court sustained such special exception and struck out said pleas. Its action in doing so was assigned as error in the Court of Civil Appeals.

[1] We think the trial court erred in sustaining such exception. The suit of the bank was on its note and mortgage. They constituted its cause of action. When it took possession of the property and sold the same, or a part thereof, it merely exercised a power conferred by the mortgage. In executing such power it was its duty to exercise ordinary care to secure the property and preserve it from waste or injury. Its alleged failure to discharge its duty in that respect constitutes the causes of action asserted in said pleas. Such causes of action arose out of, were incident to, and connected with the

bank's note and mortgage sued on herein. R. S. art. 1330; Streeper v. Thompson (Tex. Civ. App.) 23 S. W. 326; Montgomery v. Gallas (Tex. Civ. App.) 202 S. W. 993; Pate v. Whitley (Tex. Civ. App.) 196 S. W. 581; Tyson v. Jackson Bros., 41 Tex. Civ. App. 128, 90 S. W. 930.

[2] The Court of Civil Appeals overruled said assignment of error. We understand from its opinion in this case that it conceded that the matters presented by said pleas were matters arising out of, incident to, or connected with the cause of action sued on by the bank. It based its action in overruling such assignment on the theory that the facts pleaded showed that the property alleged to have been injured, wasted and destroyed belonged to the Rosedale Oil Company, and not the plaintiffs in error. No such issue was raised by the exception in question. By its terms it complained of said pleas on the ground that the matters therein set out did not arise out of the cause of action sued on by the bank, and on no other ground. Had the bank, by an appropriate exception, charged that the pleadings of said parties failed to show such interest in said property as to entitle them to the relief sought by said pleas, such issue would have been directly raised. If the court had sustained such an exception, they would then have had the right to meet such complaint by amendment of their pleadings. They could, doubtless, under the facts above recited, by such an amendment, have alleged facts sufficient to entitle them to such relief. Said pleas were, under the allegations of their answer, taken as a whole, sufficient as against a general demurrer. The Court of Civil Appeals erred in overruling said assignment of error on grounds not embraced in the exception, the sustaining of which is complained of by such assignment. Butt v. Colbert, 24 Tex. 355, 357; Railway v. Granger, 85 Tex. 574, 577, 578, 22 S. W. 959; Settles v. Holman (Tex. Civ. App.) 33 S. W. 880.

[3, 4] Since plaintiffs in error on another trial will have an opportunity to amend their pleadings, it is not necessary to determine whether such pleadings in the form presented in the record are sufficient as against a proper exception to entitle them to the relief sought therein. If, as alleged, the makers of the note sued on executed and delivered the same to the bank in order to procure money to be used by the Rosedale Oil Company, and the proceeds of said note were turned over to the Oil Company to be used by it in the purchase of such casing and supplies, and were so used, and such casing and supplies mingled by the Oil Company with its properties on said lease, and if, as found by the court, the Rosedale Oil Company assumed said note and agreed to pay the same, as between plaintiffs in error and said Oil Company, they occupied the position of sureties, and said Oil Company the position of principal with reference to the debt evidenced by said note. When the Rosedale Oil Company gave the bank a bill of sale of all its properties on said lease, and permitted the bank to take possession of the same for the purpose of disposing of the same in satisfaction of its debts, it became the duty of the bank to exercise ordinary care to secure and preserve the same from waste, injury, or loss. If the bank failed in the discharge of such duty, and as a result of such failure any of said property was wasted, lost, or destroyed, plaintiffs in error, as such sureties, were entitled to be discharged from liability on the note sued on to the extent of the reasonable value of such property. Murrell v. Scott, 51 Tex. 520, 525; Harrison Machine Works v. Templeton, 82 Tex. 443, 446, 447, 18 S. W. 601; Anderson v. Boyd, 64 Tex. 108, 109. We quote from 21 R. C. L. p. 1058, § 102, as follows:

"When funds or securities are placed in the hands of a creditor by a principal for the security of a debt, and they are lost through the want of ordinary diligence on the part of the creditor, the surety bound for the payment of the debt so secured is discharged to the extent of loss. The creditor, in such a case, assumes the duty of preserving such funds or securities, and is bound to be diligent in the discharge of the duty, to the same extent that any other trustee, similarly situated, is bound to use diligence. If he negligently fails to perform any act necessary to preserve their validity or legal force and effect, or, in the case of security consisting of perishable property, he allows it to be taken out of his possession and destroyed, or for the want of ordinary care and attention he allows it to perish and become worthless in his hands, the loss will fall on him, and the surety will be exonerated to the extent of the injury."

We recommend that the judgments of the Court of Civil Appeals and the trial court be both reversed, and the cause remanded to the district court for another trial.

Judge RANDOLPH took no part in the decision of this case.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission of Appeals on the question discussed in its opinion.