## WEST TEXAS UTILITIES CO. v. NUNNALLY.  (No. 487.)

Court of Civil Appeals of Texas.  Eastland.
Oct. 19, 1928.

Barker & Orn, of Cisco, for appellant.
J. L. Alford, of Rising Star, for appellee.

LESLIE, J. In this suit the plaintiff, West Texas Utilities Company, sued the defendant, J. H. Nunnally, for the unpaid balance of a note and to foreclose a mortgage on a Frigidaire machine which the former sold the latter, and against which it reserved a lien to secure the payment of the note. Judgment was in favor of the plaintiff on special issues, but such recovery was reduced by the amount of a counterclaim set up by the defendant. The plaintiff appeals, and by three groups of assignments contends: (1) That its special exception to the counterclaim should have been sustained because that claim was in violation of article 2017 of the Revised Statutes, in that the defendant was attempting to set off against the plaintiff's certain demand, unliquidated or uncertain damages founded on a tort or breach of covenant; (2) that in any event the defendant had no right to set up the counterclaim, in that he had filed an answer to plaintiff's petition, setting up said claim, and thereafter made a general assignment for the benefit of creditors, and therefore had no interest in the claim, as his right thereto had passed to the assignee for the benefit of accepting creditors; and (3) that the court erred in refusing the plaintiff a foreclosure under his mortgage and also in refusing to grant him a judgment against the defendant and his bondsmen on the replevy bond.

We do not believe the trial court committed any error in overruling the plaintiff's special exception to defendant's allegations setting up the cross-action. The cross-action arose out of the following facts: Some time after the sale of the said machine and the taking of the note and mortgage, the agent of the utilities

company came to the defendant, and stated to him that the motor in a like machine which had been sold to another party was defective or burned out, and he proposed to borrow the motor in the defendant's machine that he might install it in the other one in which the motor had ceased to work, and that he would, within a reasonable time, return the motor in as good condition as when borrowed, or a new one. It appears that the defendant and the plaintiff's agent agreed upon the matter, and the motor was, under the circumstances, lent to the plaintiff, who agreed to return it and to reconnect and install the motor when so returned. The defendant contends that the motor was never returned, and that the one that was delivered to defendant was a different character of motor and never installed and connected by the plaintiff as it had agreed to do, and that the motor itself was worthless.

■ The defendant alleged that by reason of the foregoing facts he had been damaged in the aggregate of $400. We will not discuss the facts underlying the defendant's counterclaim, but they have been examined, and we have reached the conclusion that there is such an association and connection between the plaintiff's claim and that asserted by the defendant as would justify the trial court in settling both controversies in the same action. As alleged, the plaintiff's disposition of the motor, after borrowing the same, amounted to a conversion to that extent of the property covered by the mortgage and for which the note was given. If the defendant must suffer the misfortune of having the Frigidaire machine sold under a foreclosure, he had the right to have it sold intact and not stripped of an essential part thereof, for the reason that, if sold intact, unquestionably a greater sum would be realized from the sale thereof and the defendant's debt the more materially diminished. The cause of action set out in the defendant's counterclaim evidently was incident to and connected with the plaintiff's cause of action; namely, the note and mortgage. The court committed no error in overruling the plaintiff's special exception. Streeper v. Thompson et al. (Tex. Civ. App.) 23 S. W. 326; Steiner v. Oliver (Tex. Civ. App.) 107 S. W. 359; Blocksom v. Guaranty State Bank & Trust Co. (Tex. Com. App.) 251 S. W. 1025; Id. (Tex. Civ. App.) 241 S. W. 319; Northwestern Port Huron Co. v. Iverson et al., 22 S. D. 314, 117 N. W. 372, 133 Am. St. Rep. 920; Hanson v. Skogman, 14 N. D. 445, 105 N. W. 90.

■ The second group of assignments, complaining that the defendant had no right to set up and prosecute the cross-action against the plaintiff after having made the general assignment for the benefit of his creditors, is likewise overruled. As to such cross-action the defendant became a plaintiff, and having duly filed his answer setting up said claim against the plaintiff, and thereafter assigned it, we believe that it was proper to continue. the suit or counterclaim in the name of the defendant, notwithstanding the assignment. The assignee's right to the claim was acquired pendente lite, and the assignee had a right to conduct the litigation in the name of the defendant Nunnally, had he chosen to do so. A judgment on the claim would be a complete bar to any suit or claim on the part of the defendant or the assignee, and as said by Chief Justice Hemphill in the case of Lee v. Salinas, 15 Tex. 495:

"The general rule [is] that a conveyance pending the suit should not be permitted to vary the rights of the parties."

In the case of Bailey v. Laws, 3 Tex. Civ. App. 529, 23 S. W. 20, the court says:

"A purchaser pendente lite need not be made a party to the record."

See Wallace et al. v. Shapard, 42 Tex. Civ. App. 594, 94 S. W. 151; Ferguson-McKinney Dry Goods Co. v. Garrett (Tex. Com. App.) 252 S. W. 738.

There would seem to be no reason why a different rule should apply in the case of an assignee who holds the property for the benefit of the accepting creditors.

■ The assignments based upon the action of the trial court in refusing a foreclosure of the plaintiff's lien, and in refusing a judgment against the sureties on the replevy bond, are sustained. We discover no reason why the court should have failed to grant the plaintiff the relief prayed for in this respect. If these were the only errors the judgment would be reformed and not remanded.

■ An examination of the judgment in connection with the pleadings discloses that the only two items of recovery in favor of the defendant upon his cross-action are matters of special damages. The damages recovered appear to result naturally, but not necessarily, from the plaintiff's acts complained of, and they are therefore special damages, and not general damages, which result not only naturally but necessarily from wrongful acts and conduct. Townes, Texas Pleading, p. 405.

■ It is hardly necessary to cite authorities to the effect that damages not naturally arising from breach of contract, nor reasonably contemplated by the parties as likely to arise therefrom, cannot be recovered, without allegations and proof of knowledge, by the party breaking it, of the special circumstances producing such damages. Such is the law, however, as may be seen from the following authorities: Gilley v. Pennington (Tex. Civ. App.) 241 S. W. 202; Pacific Express Co. et al. v. Redman (Tex. Civ. App.) 60 S. W. 677; Polk v. Almindinger (Tex. Civ. App.) 243 S. W. 682; Sutton v. Page, 4 Tex. 142; Smith v. Conner (Tex. Civ. App.) 46 S. W. 267; T. & P. Ry. Co. v. Curry, 64 Tex. 85; Southwest-

ern *Cooperage Co. v. Kivlen* (Tex. Civ. App.) 266 S. W. 826; *Equitable Mortg. Co. v. Thorn* (Tex. Civ. App.) 26 S. W. 276.

An examination of the defendant's cross-action discloses that the essential allegations for recovery of special damages have not been made. It is fundamental that special damages must be pleaded in order to be recovered. The defendant's pleading being insufficient in the respect indicated, there is no basis for the submission of the special items of damage for which the judgment is rendered. A judgment must have support in the pleadings, and without such support it is fundamental error to enter it. *Holloway Seed Co. v. City Nat. Bank of Dallas,* 92 Tex. 187, 47 S. W. 95, 516; *Provident Life & Accident Ins. Co. v. Johnson* (Tex. Civ. App.) 235 S. W. 650; *Sivalls Motor Co. v. Chastain* (Tex. Civ. App.) 5 S.W.(2d) 185.

No issue appears to have been presented which required the jury to pass upon whether or not the motor was, in fact, converted by the plaintiff. This was evidently the primary purpose of the cross-action, but the damages found by the issues submitted thereon were in the nature of special damages, unsupported by pleadings as we have indicated. In this state of the record it would appear to be the most equitable disposition to reverse the case generally and return it for another trial, at which time the pleadings will evidently be made more definite and certain in the respects discussed.

The judgment of the trial court is reversed, and the cause remanded.