## GARNER v. CRAWFORD et al. (No. 2348.)

Court of Civil Appeals of Texas. El Paso. Dec. 12, 1929.

Rehearing Denied Jan. 9, 1930.

Taylor, Muse & Taylor, of Wichita Falls, for appellant.

Wallace, Taylor & Vickrey, of Dallas, for appellees.

PELPHREY, C. J. Garner sued Mrs. E. J. Crawford, a feme sole, Mrs. Lucy C. Craycroft, and her husband, Hunter A. Craycroft, for damages resulting from the failure of defendants to place him in possession of approximately 2,300 acres of land in Jack county, Texas, which land he had theretofore leased from them, having paid $1,036.55 in advance, for the first year of said lease. Garner alleged

and prayed for the recovery, the return of the $1,036.55 paid by him, and for $26,100 arising from loss of profits occasioned by the failure of defendants to deliver the premises according to the lease contract.

The defendants answered by general demurrer, special exceptions to certain paragraphs of the petition, a general denial, a special denial of any knowledge as to the profits alleged in plaintiff's petition, specially alleged that plaintiff knew that the premises were then in the possession of other tenants, and that plaintiff was legally bound to take the necessary steps to dispossess them, and that his damage arose by his failure so to do; that plaintiff failed to lease other premises which were available; that the tenants refusing to yield possession were liable to plaintiff for his damage, and not defendants; and pleaded tender of the $1,036.55 paid by plaintiff. Hunter A. Craycroft specially excepted to the petition, for the reason that it affirmatively showed him to be merely a formal party to the lease contract, therefore showing no cause of action against him.

Upon a trial before the court, judgment was rendered in favor of plaintiff against all the defendants for $1,124.64, said amount being the $1,036.55 paid by plaintiff to defendants and interest thereon. Garner has appealed from said judgment.

### Opinion.

While the brief of appellant contains three separate assignments of error, the sole question presented is the correctness of the court's action in sustaining special exceptions numbers 8 and 9 to his petition. These exceptions were leveled at paragraphs 7, 8, and 9 of appellant's petition, which read:

"VII. Plaintiff further represents and shows to the court that he is engaged in the cattle business and was so engaged in the cattle business, that is, that of raising cattle and buying and pasturing and feeding cattle' for the market in the south part of Clay county, and Jack county, Texas, at and before the time of the execution of said lease. That said lease was located adjacent to his other pasture lands and that it made a very valuable lease for him and that the plaintiff knew that he was paying a good price for said lease, but that he was anxious to procure the same because of the location of his lease and its easy access to his other pasture land. That he leased said premises in good faith knowing that he could realize profits from said lease by using the same for the purpose for which he leased the same, that is, of pasturing and feeding cattle on the same, and the defendants well knew the purpose for which plaintiff leased the same at the time that he leased the same as they were informed by the plaintiff of the purpose for which he leased the same and defendants well knew that the plaintiff could and would realize profits from said lease in the use of the same for the purpose for

which he leased the same or could have reasonably inferred the same from the nature and terms of said lease contract. That it was in the reasonable contemplation of both plaintiff and defendants when said lease contract was made that profits were expected by the plaintiff as a result of said lease contract; that said leased premises was worth upon the market at said time for grazing purposes, the price that plaintiff paid and agreed to pay for the same; that after defendants executed and delivered said lease agreement to the plaintiff he made arrangements to stock said pasture with cattle for the purpose of preparing said cattle for market; that he had 200 head of cattle of the kind and character that he expected to prepare for market, by pasturing and feeding the same on said premises; that he arranged to buy an additional 100 head of cattle of a similar kind and character to place on said premises with the 200 head that he had for the same purpose, but that he was unable to get possession of said premises and it became necessary for him to abandon his plan of purchasing said 100 head of cattle which he had planned to purchase to finish stocking said pasture, though he was ready and able to purchase the same and knew when he could purchase such cattle. That he could have purchased said cattle for approximately $64 per head, which was the value of the cattle that he then had, which he had planned and expected to place upon said premises and that he could and would have placed said 300 head of cattle upon said premises and within the usual and ordinary time within which to prepare the said cattle for market by pasturing the same and by feeding the same on said premises and within one year from the date of the execution and delivery of said lease contract, have sold said cattle for a profit of $87 per head, or the total sum of $26,100.

"VIII. Plaintiff further alleges that after he was unable to get possession of said lease premises and after the defendants failed and refused to place him in possession of the same and after they had breached the terms of said lease contract as hereinbefore alleged he made diligent efforts to secure another lease on which to place said 200 head of cattle, that he then had, and the 100 head that he expected to buy, but that he was unable to procure a lease upon which to place the same or any part thereof; that he made diligent inquiry of landowners in Clay and Jack counties, Texas, and other nearby counties in an effort to procure another lease and continued to do so until on or about the 1st day of November, 1927, but was unable to procure another lease on which to place said cattle or any part of the same; that by reason of the same and by reason of the fact that he had no pasture on which to place the 200 head that he then owned and owned at the time of the execution and delivery of the above described lease contract that it became necessary for him to

sell and he did sell the 200 head of cattle above mentioned at the best available price that he could receive for the same in the approximate sum of $64 per head; that if he had been able to get possession of the above described leased premises or other premises of a similar kind and character that he could and would have kept said 200 head of cattle and prepared the same for market, and could and would have sold the same in the spring or early summer of 1928, and sold the same for a profit of approximately $87 per head above the value of the same that existed on or about the 20th day of July, 1927, as hereinbefore alleged. That by reason of the fact that he was unable to get possession of said leased premises or secure another lease of a similar kind and character, it became necessary for him to abandon his plan of purchasing said 100 head of cattle and that by reason of the same he was deprived of the profit that he could and would have made on the same as hereinbefore alleged.

"IX. Plaintiff further represents unto the court that all of the hereinbefore set out items are items of actual damage, due this plaintiff by the defendants herein, by reason of the breach of the terms of said lease contract by the defendants, as hereinbefore set out, and that plaintiff is entitled to recover of and from the defendants the sum of $27,136.55, with interest thereon at the rate of 6 per cent. per annum as his actual damages by reason of the premises, for which plaintiff sues."

Defendants' exceptions read as follows:

"VIII. Defendants specially except to paragraphs 7 and 8 of said petition referring to the cattle on hand and the sale of the same and to the intention of the plaintiff to purchase cattle and stock said premises, and the anticipated profits therefrom, because it affirmatively appears that plaintiff did not purchase such cattle and it does not appear that he suffered any loss by reason of his failure to purchase such cattle or by his sale of the cattle on hand, and for the further reason that the allegations therein contained attempt to set up special damages without showing that any such special damages were within the contemplation of the parties at the time said contract was made, or that they naturally and proximately resulted from the alleged breach of the said lease contract.

"IX. Defendants further specially except to the sufficiency of paragraphs 7 and 8 and 9 of said petition, for the reason that it appears therefrom that the damages therein alleged are purely and highly speculative, uncertain,

and wholly dependent on chance, there being no allegations showing with reasonable certainty that any profits would have been made and no certain basis for estimating the profits as an item of damages sought by the plaintiff, and of this they pray judgment of the court."

Appellant contends that the court erred in sustaining exception No. 8, because the petition contained allegations that the loss of profits was occasioned by the breach of the lease contract by the defendants, and that such profits were in contemplation of the parties at the time of the execution of the contract, and that such damages naturally and proximately resulted from such breach.

We differ with appellant as to the effect of his allegations. While he alleges that he leased the premises for the purpose of pasturing and feeding cattle thereon, and that appellees knew of such purpose, and that he would realize profits, and that it was in the reasonable contemplation of the parties when the lease was executed that profits were expected by appellant as a result of said lease contract, he nowhere alleges that they knew that he then owned 200 head of cattle and intended to buy another 100 head with which to stock the land, or that he intended to pasture said cattle there and later sell them at a profit.

Special damages arising from breach of contract cannot be recovered, without allegations and proof of knowledge, by the party sought to be held, of the special circumstances producing such damages. West Texas Utilities Co. v. Nunnally (Tex. Civ. App.) 10 S.W.(2d) 391, and authorities cited. The damages here sought to be recovered are special in their character, and we are of the opinion that the allegations are insufficient upon which to base a recovery, especially when tested by a special exception.

Nor do we think the allegation of appellant that' profits were expected by appellant from feeding and pasturing cattle on the premises is sufficient to justify a recovery of the loss of profits here prayed for. We find no error in the court's action in sustaining the special exception.

In view of the above holding, we deem it unnecessary to pass upon the question of the speculative and uncertain character of the profits sought to be recovered as damages. We have concluded that the judgment of the trial court is the correct judgment under the pleadings, and should be affirmed; and it is so ordered.

Affirmed.